THE STATE OF KANSAS v. M. B. TOMBLIN.

No. 10747.

1. CHALLENGE FOR CAUSE — *in prosecution for receiving deposits when bank insolvent, juror's fixed opinion as to bank's insolvency, ground for.*  On the trial of a criminal prosecution against a defendant charged with having received deposits as an officer of a bank, when the bank was insolvent and he knew its insolvency, a challenge to a juror who has a fixed opinion as to the solvency or insolvency of the bank at the time the deposits were received should be sustained; it appearing that the questions as to the solvency of the bank and the knowledge the defendant had as to its condition were among the principal ones to be tried.

2. RIGHT TO CONFRONT WITNESSES — *violated by allowing State to read, over objection, deposition taken, but not read, by accused.*  A defendant on trial, charged with a felony, has the right guaranteed to him by the Constitution to meet the witnesses produced by the State, face to face, and it is error to admit, over his objection, the deposition of a witness, taken out of the state when he was not personally present, containing important testimony, notwithstanding the fact that the deposition was taken on the application of the defendant, on interrogatories prepared by his counsel and cross-interrogatories prepared by counsel for the State.  By causing the deposition to be taken the defendant did not irrevocably consent to its introduction in evidence.

3. RECEIVING DEPOSITS IN INSOLVENT BANK — *accused not guilty unless he knew insolvency: that he might have known, not enough.*  A person charged with having received deposits as an officer of a bank when it was insolvent is not guilty of a crime under section 16 of chapter 43 of the Laws of 1891 merely because, through his negligence, he did not know its condition; but it must be shown that, when he received the deposit, he knew the bank to be insolvent.  But his relation to the bank, and his duty to examine into the condition of its affairs and know whether it is solvent or insolvent, may be taken into consideration by the jury in determining whether he had actual knowledge of its condition.

*Error from Sherman District Court.*
*Hon. Chas. W. Smith, Judge.*

REVERSED AND REMANDED.          OPINION FILED MARCH 6, 1897.

*L. C. Boyle,* Attorney General, *Jno. Hartzler,* County Attorney, for The State.

*Waters & Waters,* for appellant.

ALLEN, J.   The defendant was charged, as president, director and managing officer of the Sherman County Bank, a corporation organized under the laws of Kansas, with having received deposits of money when the bank was insolvent, knowing that it was in that condition.   The information contains ten counts, five of which charge him as principal and the others as accessory.   He was convicted as accessory under four counts of the information, and sentenced to four years' imprisonment in the penitentiary and to pay a fine of $2,000.   From this judgment he appeals. Numerous errors are assigned in the brief.   We shall consider only those questions decisive of the case and which might arise on a retrial.

George W. Edwards was called as a juror.   On his examination he stated that he had talked with various persons about the case ; that he had an opinion as to whether or not the bank was solvent at the time the deposits were received ; that it would require evidence to remove it ; that he might have expressed an opinion, though he could not say whether he had or not ; that he would take the opinion he had with him into the jury-box.   Though he also said, on further examination, that he had not a settled conviction, he had such an opinion with reference to one of the principal issues in the case — the solvency or insolvency of the bank — as would render him incompetent as a juror. The Court erred in overruling the challenge.

A more important and prejudicial error, and the one on which a reversal of the judgment is mainly based, is in the admission of the deposition of E. Lindsay, taken at St. Joseph, Missouri, on written interrogatories prepared by counsel for the defendant, and cross-interrogatories by the State.   On the trial,

the defendant had testified at length with reference to many matters; and, among others, that he went to the State National Bank in St. Joseph and made arrangements for $5,000 more money, if the bank should need it; that this was done shortly before the bank closed; that his bank then owed the St. Joseph bank $2,500, and that he made arrangements for, and was told by Mr. Lindsay that he could get, $5,000 if he wanted it, thereby increasing the indebtedness to $7,500. This deposition was offered by the State in rebuttal, and portions of it were admitted over the objection and exception of the defendant. In that part which was read in evidence to the jury, Mr. Lindsay testified that he was the president of the State National Bank, and resided in St. Joseph, Missouri; that Tomblin's bank owed them $10,000; that Tomblin made application for funds two days before the suspension of the bank and that it was not granted; that Tomblin asked for $2,500. This evidence was important. It squarely contradicted the statements of Mr. Tomblin, and tended to show that the accounts of the Sherman County Bank with the St. Joseph bank were in a much less favorable condition than Tomblin had stated, and, also, that Tomblin could not obtain the assistance from Lindsay's bank that he claimed he had secured. The 10th section of the Bill of Rights, in the Constitution of this State, secures to the accused in all criminal prosecutions the right "to meet the witness face to face." The defendant did not waive this right by causing the deposition of Lindsay to be taken. He did not offer the deposition in evidence; and, notwithstanding the fact that he had caused it to be taken and filed in the court before the trial commenced, he still had the right to insist on meeting

face to face every witness who should testify against him at the trial. This constitutional guaranty is one of the most important safeguards to the citizen when charged with crime, and no court has any right to abridge or deny it. Rice on Evidence, § 243 ; *Cline v. State*, 36 S. W. Rep. 1099. The facts in this case do not fall within the exception, sometimes urged, where the accused was personally present at the time the testimony was taken, for it appears from the record in this case that he was not present when this deposition was taken. We express no opinion, however, whether this distinction can be maintained. The mere fact that the defendant asked that the deposition might be taken did not amount to a consent that, whatever the witness might testify to, the deposition might be read in evidence at the trial.

While the instructions fairly state the law, in the main, the concluding paragraph of the fourteenth instruction given seems to imply that the defendant might be held guilty in a criminal prosecution if, through his negligence, he did not know the actual condition of the bank when it was in fact insolvent. It was proper for the jury to take into consideration the defendant's relation to the bank, as a managing officer, and the duties he owed to it, for the purpose of determining whether he actually knew its insolvent condition ; but mere negligence would not render him guilty of a crime. It was incumbent upon the State to establish, not only the fact of insolvency, but the defendant's knowledge of it.

We find no error in the ruling of the court on the plea in abatement. Nor do we think the ruling of the court on defendant's motion to withdraw from the consideration of the jury each count, separately, operated as a final discharge of the defendant from further

prosecution on those counts to which the motion was at first sustained and afterward overruled. While the court announced its ruling on the motion, there was yet no actual discharge of the defendant from further prosecution ; and, on the record, we think no error was committed by the court in recalling and correcting the decision at first announced.

We do not think it was incumbent on the State to show that the bank held a certificate of the Bank Commissioner authorizing it to transact business. Nor was it essential to show that the county treasurer was authorized by the county to deposit funds in the bank. Whether the deposit was made rightfully or wrongfully by the county treasurer, it was still a deposit within the meaning of the law.

Many other alleged errors are discussed in the brief, concerning which we express no opinion, as it is probable that the same questions may not arise on another trial, and they do not appear to us of such importance as to require discussion in this opinion.

The judgment is reversed, and the cause remanded for a new trial.

All the Justices concurring.