THE STATE OF KANSAS V. H. L. WOODS.

No. 14,350.   (81 Pac. 184.)

SYLLABUS BY THE COURT.

EVIDENCE—*Constitutional Guaranty—Transcript Incompetent.*
The constitution guarantees to every accused person the right
of meeting face to face the witnesses of the state, and, hence,
to read to the jury, over the objection of the defendant, a
transcript of the testimony of a witness given in a civil pro-
ceeding is error.

Appeal from Sumner district court; CARROLL L.
SWARTS, judge.   Opinion filed June 10, 1905.   Re-
versed.

*C. C. Coleman,* attorney-general, *C. J. Garver, Sol
L. Long,* and *Hackney & Lafferty,* for The State.

*Herrick & Herrick, W. W. Schwinn,* and *James Law-
rence,* for appellant.

The opinion of the court was delivered by

GREENE, J.:  The appellant was convicted of crimi-
nal libel in the district court of Sumner county.   Upon
appeal he contends that the trial court erred in permit-
ting the state to introduce incompetent and prejudicial
evidence, and in giving misleading instructions.   Under
the views entertained by the court the case must be
reversed and remanded, which makes it unnecessary to
pass on some of the alleged errors.

The state was permitted, over the objection of ap-
pellant, to read to the jury a transcript of the testi-
mony of Cleo D. Burnette, given in a civil proceeding
to foreclose a mortgage in which Randolph was plain-
tiff and McCauley defendant.   It appears that the
state procured the court stenographer to make a tran-
script of this witness's testimony in that suit, and,
after identification, it was read as the deposition of
the witness, over the objection of appellant.   There

is no theory under which this testimony could be competent, over objection. The strongest reason urged for its admission is that it was material. That makes it prejudicial, if incompetent. The accused in a criminal prosecution has guaranteed to him by the constitution the right to meet the witnesses against him face to face. In _The State v. Tomblin,_ 57 Kan. 841, 48 Pac. 144, it was held error to admit, over objection by the accused, the deposition of an important witness, taken out of the state, when the defendant was not personally present, notwithstanding the deposition was taken on application of defendant, with interrogatories proposed by his counsel and cross-interrogatories proposed by counsel for the state.

For the error thus committed the judgment is reversed, and the cause remanded.

All the Justices concurring.