No. 36,092

THE STATE OF KANSAS, *Appellee,* v. JOSEPH NORRIS McCALL (Alias "JACK" McCALL), *Appellant.*

(149 P. 2d 580)

June 10, 1944.                                        Opinion filed

*George K. Melvin,* of Lawrence, argued the cause for the appellant.

*James F. Swoyer,* deputy county attorney, argued the cause, and *Richard A. Swallow,* county attorney, was on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: In this action defendant was convicted of a violation of G. S. 1935, 21-442. He appeals.

The information charged that defendant on or about December 1, 1931, deserted his five children, all being at that time under sixteen years of age, and continuously since that date until June 23, 1943, failed to support them. The information further charged that one of the children, whose name was Keith McCall, was under the age of sixteen on June 23, 1943, the date the prosecution was commenced, and that the youngest of the four other children was nine years old on October 1, 1931. The information also charged that defendant had been continuously absent from the state of Kansas from October 1, 1931, until the commencement of the action or had

so concealed himself from that date until January 1, 1943, that process could not be served upon him.

The defendant was apprehended in California and returned to this state for trial. He pleaded not guilty to the information just described. His trial resulted in a verdict of guilty. His motion for a new trial and his application for an order that he be paroled under bond to contribute to the support of the only one of his children still a minor were denied. Hence this appeal.

The first argument of defendant to which we shall give our attention has to do with the admission in evidence of what purports to be the deposition of the father of the defendant taken by defendant in California. The record discloses that this deposition was taken by defendant in California after due notice of his intention so to do. The witness was sworn in due form. The testimony was reduced to writing. The certificate of the officer before whom the deposition was taken shows that it was not signed by the witness but was mailed by that officer to the clerk of the district court of Jefferson county without that signature.

In the presentation of the state's case the prosecuting attorney offered this deposition. Counsel for the defendant objected to it because it was not signed by the witness and because it was incompetent. This objection was overruled and the deposition was introduced and read to the jury as a part of the state's case in chief. Counsel who represented the defendant at the trial in the district court is not the same lawyer who is representing him on appeal in this court. In the brief filed here counsel for the defendant argues that the written instrument was not admissible because it was not signed by the witness, also because of the constitutional provision that the accused shall be allowed to meet the witnesses against him face to face.

We pass by without deciding the question of whether the deposition was inadmissible because it was not signed. It was inadmissible when offered by the state because its use deprived the defendant of rights guaranteed him by the constitution.

Section 10 of the bill of rights provides, among other things, that in all prosecutions the accused shall be allowed to meet the witness face to face. It is true we have held that provision may be waived. Various instances are pointed out where we have held that the testimony of a witness given at a former hearing in the presence of the defendant, either at a preliminary or at a former trial, may be in-

troduced when the witness is unavailable because of being out of the state or for some other reason which makes it beyond the power of the state to produce the witness to confront the defendant. However, we have never held that the defendant was not entitled to be confronted by the witness at some stage of the proceedings under circumstances such as those in this case. It is one thing for the defendant to take the deposition of a witness whose evidence he desires to use in his own behalf and who cannot be present at the trial of the case before the jury, and a different thing for the state to use the deposition taken by the defendant.

The fact that defendant had taken the deposition as he was entitled to under the constitution did not constitute a waiver of his right to be confronted with the witness before the jury. In *State v. Tomblin*, 57 Kan. 841, 48 Pac. 144, we passed on this question. There we held:

"A defendant on trial, charged with a felony, has the right guaranteed to him by the Constitution to meet the witnesses produced by the State, face to face, and it is error to admit, over his objection, the deposition of a witness, taken out of the state when he was not personally present, containing important testimony, notwithstanding the fact that the deposition was taken on the application of the defendant, on interrogatories prepared by his counsel and cross-interrogatories prepared by counsel for the State. By causing the deposition to be taken the defendant did not irrevocably consent to its introduction in evidence."

This opinion was cited with approval in *State v. Woods*, 71 Kan. 658, 81 Pac. 184. See Ann. Cas. 1916A, 1096, also 18 C. J. 679.

Counsel for the state argues that under G. S. 1935, 60-2846, exceptions to depositions must be in writing, specifying the grounds of objection and filed with the papers in the cause. They point out that the defendant did not file any objections to the introduction of this deposition and that on account of his failure so to do the deposition is admissible against him. It is clear that the section relied upon by counsel for the state refers to an objection to be made by a party other than the party taking the deposition, not to a case of this kind where the deposition is used by the state against one on trial for crime. No doubt counsel for the defendant did not file any objection to this deposition before the trial because it had been taken by him and evidently he had decided not to use it. He had no reason to expect the state to attempt to do so.

Counsel for the state argue that the defendant was not prejudiced by the use of this deposition. We have read it, however. The wit-

ness testified that while defendant was in California during the time he was accused of failure to support his children he had provided a house for a woman other than his wife and was living with her, and testified to various other circumstances regarding his life in California tending to show his ability to provide for his children. This evidence was highly prejudicial to the defendant and its admission requires a new trial.

Since this conclusion will require that the defendant be given a new trial there is another trial error upon which we should pass even though the decision of the point just discussed requires a reversal. This has to do with testimony of several welfare officers of Jefferson county introduced on the part of the state in its case in chief as to the amount the department was compelled to expend for the support of these children during some of the years that the father was absent.

G. S. 1935, 21-442, provides as follows:

"That any husband who shall, without just cause, desert or neglect or refuse to provide for the support and maintenance of his wife in destitute or necessitous circumstances; or any parent who shall, without lawful excuse, desert or neglect or refuse to provide for the support and maintenance of his or her child or children under the age of sixteen years in destitute or necessitous circumstances, shall be guilty of a crime and, on conviction thereof, shall be punished by imprisonment in the reformatory, or penitentiary, at hard labor, not exceeding two years."

This prosecution was brought for the failure of defendant to support his children. Pursuant to its provisions it was necessary for the state to prove first that defendant was the parent; next that he deserted or failed to support his children; third that this was without lawful excuse; fourth that the children were in destitute or necessitous circumstances and were under the age of sixteen years. The testimony of the welfare officers was offered to prove that the children of defendant were in destitute and necessitous circumstances. Their testimony was competent as to what they knew about that, just as the testimony of neighbors was competent on that point. However, the state went further and had the welfare officers testify about the amounts the department had paid for the support of these children. It did not make any difference as to the guilt or innocence of defendant about who had contributed to the support of these children and how much. It is no defense in a prosecution under this statute that some one other than the father provided for the children during the time that he failed to do so. See *State v. Waller*, 90 Kan.

829, 136 Pac. 215; also *State v. Wellman,* 102 Kan. 503,.170. Pac. 1052. The converse is true. The fact that some public authority contributed to the support of the children added nothing to the guilt of the defendant. This evidence was prejudicial and should not have been admitted.

Other questions are argued in the brief of appellant. They are not presented in this record, however, as clearly as they should be. The conclusion already reached requires a reversal and a new. trial. Those errors, if they were errors, may not occur in the second trial and if they do perhaps the record will be such that a clear understanding of what happened in that trial may be had. Therefore, we refrain from passing on them at this time.

The judgment of the trial court is reversed with directions to grant the defendant a new trial in accordance with the views herein expressed.