No. 45,121

State of Kansas, *Appellee*, v. Roy William Hooks, *Appellant*.

(446 P. 2d 770)

Opinion filed November 9, 1968.

*Joseph Anderson*, of Mission, argued the cause, and was on the brief for the appellant.

*James A. Wheeler* and *Bill E. Haynes*, assistant county attorneys, argued the cause, and *Robert C. Londerholm*, attorney general, and *James W. Bouska*, county attorney, were with them on the brief for the appellee.

The opinion of the court was delivered by

O'Connor, J.: Roy William Hooks has appealed from his conviction by a jury of the offense of grand larceny.

The controlling question for our consideration deals with an accused's constitutional right to be confronted with witnesses against him.

Hooks was charged in an amended information with stealing approximately $95 from a cash register on or about December 29, 1965, in the Ranch Mart Liquor Store in Johnson county, said money being the property of C. R. Murray. Evidence was introduced at trial that on the evening of December 29, "a colored chap," identified as the defendant, entered the store at approximately 9:00 p. m. and ordered a half pint of liquor from the clerk, C. R. Murray. When Murray rang up the sale, thereby opening the drawer of the cash register, the customer put some change on the counter and some of it fell to the floor. Murray retrieved the money from the floor,

gave the purchaser his change and closed the drawer. After the customer departed, Murray became suspicious, opened the cash register and discovered the $20 bill section empty. A check of the register disclosed a shortage of $95.25.

As part of the state's case in chief, the deposition of Mrs. Eula Gregory, residing in Tulsa, Oklahoma, was read into evidence. Mrs. Gregory related the details of a similar, attempted "till-tapping" incident at the Funsville Toy Store located in the Ranch Mart Shopping Center in Johnson county on December 8, 1965, where she was working as a clerk. A purported photograph of the defendant was identified by Mrs. Gregory as being the picture of one of two colored men who were in the toy store, the defendant being the one who attempted to reach into an open cash register drawer after the other man had "dropped" some change on the floor.

Mrs. Gregory's deposition had been taken by an assistant county attorney approximately one week prior to trial for the reason that the witness was about to undergo throat surgery and would be unable to appear in person. Although the defendant himself was not present at the taking of the deposition, defendant's retained counsel was present and cross-examined the witness extensively. The deposition and photograph were admitted into evidence, over objection, for the limited purpose of "lack of mistake" and "to show method of operation." Counsel's numerous objections to the deposition, although grounded principally on the irrelevancy and prejudicial effect of the alleged unrelated incident about which the witness testified, leave no doubt that he persistently resisted the admission of the deposition, and that his failure to object on the basis of the defendant's being denied his right to be confronted with the witness was, at most, inadvertent. (See *Patterson v. Brown,* 393 F. 2d 733 [10th Cir. 1968].) From counsel's oral argument, and our search of the record, we are compelled to conclude that there is a total absence of any showing that the contemporaneous objection rule was deliberately bypassed as a part of defense strategy, or that the defendant's constitutional right of confrontation was intentionally and knowingly waived. (*Henry v. Mississippi,* 379 U. S. 443, 13 L. Ed. 2d 408, 85 S. Ct. 564; *Fay v. Noia,* 372 U. S. 391, 9 L. Ed. 2d 837, 83 S. Ct. 822; *Brookhart v. Janis,* 384 U. S. 1, 16 L. Ed. 2d 314, 86 S. Ct. 1245; *Johnson v. Zerbst,* 304 U. S. 458, 82 L. Ed. 1461, 58 S. Ct. 1019, 146 A. L. R. 357; *cf., Mize v. Crouse,* 399 F. 2d

593 [10th Cir. 1968]; *Nelson v. People of State of California,* 346 F. 2d 73 [9th Cir. 1965].)

The Sixth Amendment to the Constitution of the United States provides that "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." In *Pointer v. Texas,* 380 U. S. 400, 13 L. Ed. 2d 923, 85 S. Ct. 1065, the Supreme Court held this right is a fundamental right and is made obligatory on the states by the Fourteenth Amendment.

Similarly, § 10 of the Bill of Rights of the Kansas Constitution secures to the accused in all criminal prosecutions the right "to meet the witness face to face." This provision was dealt with by this court in the early case of *State v. Tomblin,* 57 Kan. 841, 48 Pac. 144. There, a deposition was taken, upon application of the defendant, on interrogatories prepared by his counsel and cross-interrogatories prepared by counsel for the state. In holding that the trial court erred in permitting the state, in rebuttal, to introduce portions of the deposition over the defendant's objection, the court stated:

". . . He [the defendant] did not offer the deposition in evidence; and, notwithstanding the fact that he had caused it to be taken and filed in the court before the trial commenced, he still had the right to insist on meeting face to face every witness who should testify against him at the trial. This constitutional guaranty is one of the most important safeguards to the citizen when charged with crime, and no court has any right to abridge or deny it. Rice on Evidence, § 243; *Cline v. State,* 36 S. W. Rep. 1099. . . . The mere fact that the defendant asked that the deposition might be taken did not amount to a consent that, whatever the witness might testify to, the deposition might be read in evidence at the trial." (pp. 843, 844.)

(Also, see *State v. Woods,* 71 Kan. 658, 81 Pac. 184.)

Likewise, in *State v. McCall,* 158 Kan. 652, 149 P. 2d 580, it was held the admission of a deposition of a witness taken by the defendant but introduced into evidence by the state in its case in chief was in violation of the Kansas Constitution and prejudicially erroneous. The court emphasized that the fact the defendant had served the notice and taken the deposition did not constitute a waiver of his right to be confronted with the witness. The opinion refers to instances where the testimony of a witness given at a former hearing in the presence of the defendant may be introduced by the state when the witness is unavailable, but admonishes:

". . . we have never held that the defendant was not entitled to be confronted by the witness at some stage of the proceedings under circumstances such as those in this case. . . ." (p. 654.)

Additionally, K. S. A. 60-460 (c) expressly provides the statutory provisions authorizing the admission of deposition testimony shall not apply in criminal actions if the accused is thereby denied the right to meet the witness face to face.

The foregoing authorities amply demonstrate that the accused's right to be confronted with witnesses against him is a basic and fundamental right essential to a fair trial under the Constitutions of the United States and the State of Kansas. Under the facts here, the defendant was never at any stage of the prosecution accorded the right to be confronted with the witness whose deposition was used against him, nor did the defendant waive such right. The erroneous admission into evidence of the testimony of Mrs. Gregory was highly prejudicial, and a new trial is required.

Since other assignments of error may not arise in a retrial of this case, they need not be discussed. The judgment of the lower court is reversed and the case is remanded with directions to grant the defendant a new trial.