305 P.2d 725

STATE of New Mexico, Plaintiff-Appellee,

v.

Lamar BAILEY, Defendant-Appellant.

No. 6148.

Supreme Court of New Mexico.

Dec. 19, 1956.

Rehearing Denied Jan. 22, 1957.

112

McAtee, Toulouse & Marchiondo, Albuquerque, for appellant.

Richard H. Robinson, Atty. Gen., Harry E. Stowers, Jr., Howard M. Rosenthal, Asst. Attys. Gen., for appellee.

COMPTON, Chief Justice.

Appellant was convicted of the crime of assault with a deadly weapon, and, from the judgment and sentence, he appeals.

██ The first point urged involves a jurisdictional question, whether appellant's constitutional rights were violated in not first being accorded a preliminary examination prior to the filing of the information against him. We are not impressed with this claim of error. No jurisdictional question is presented. The information charging the assault upon Arthur J. Ward was filed by the district attorney on August 5, 1955. The following day, the accused, accompanied by his counsel, pleaded not guilty and at the same time requested a preliminary hearing. Subsequently, he moved that the information be abated for the reason that no preliminary hearing had been granted. Thereupon, the court sustained the plea until such time as the accused was given such hearing. Subsequently, a preliminary was had, after which the cause came on for trial on the information previously filed.

The court did not err in putting appellant to trial upon an information filed prior to the preliminary examination. While no person shall be held on information without having had a preliminary examination, unless such examination is waived, Article II, § 14, New Mexico Constitution, appellant not only was accorded a hearing but he waived this right by his plea. State v. Gallegos, 46 N.M. 387, 129 P.2d 634; State v. Trujillo, 33 N.M. 370, 266 P. 922; State v. Vigil, 33 N.M. 365, 266 P. 920.

██ At the trial, the court admitted in evidence, over objection, the testimony of a witness taken at the preliminary examination. The lack of due diligence shown on the part of the State in securing the attendance of the witness at the trial is assigned as error. This question was one addressed to the sound discretion of the trial court and its ruling should not be disturbed in the absence of a showing of abuse, State v. Jackson, 30 N.M. 309, 233 P. 49; State v. Trujillo, supra; however, no showing whatever was made why the witness could not be produced. In this respect the record is as follows:

Mr. Woolston (Assistant District Attorney): "May it please the Court, comes now the State of New Mexico and offers to show by correspondence, that Donald F. McAllister, a witness

sought to be subpoenaed by the State is beyond the jurisdiction of the Court; that the testimony of such witness was taken at the preliminary hearing in this matter, and subjected, at that time, to cross examination by the defendant; that a transcript of said testimony has been delivered to the defendant, and is in his possession and also the State's. At this time, the State moves to bring in the testimony of Mr. McAllister by use of the transcript of this testimony taken at the preliminary hearing.

The Court: "I am going to admit it. You can go ahead and make your record later, if you want to."

■■ We conclude that in allowing the testimony of the witness to be read, the accused was denied his constitutional right of being confronted by the witnesses against him. The mere fact that the witness was absent from the jurisdiction of the court, was not enough. The exercise of due diligence on the part of the officers, in an effort to secure his attendance, was essential to the admission of the testimony of the absent witness. Kirchner v. Laughlin, 5 N.M. 365, 23 P. 175; Golden v. State, 23 Okl.Cr. 243, 214 P. 946.

The action of the court as it relates to the witness Colvard is urged as an additional ground for reversal of the judgment. It is most unlikely this asserted error will occur on a retrial and since the judgment must be reversed for other reasons, we need not resolve it.

The judgment will be reversed with direction to grant appellant a new trial, and It Is So Ordered.

LUJAN, SADLER, McGHEE and KIKER, JJ., concur.