18842

The STATE, Respondent, v. Early FUNDERBURKE, Appellant

(164 S. E. (2d) 309)

*Messrs. John E. McCall,* of Cheraw, and *Frank E. Cain, Jr.,* of Bennettsville, *for Appellant,*

538

*Messrs. Marion H. Kinton, Solicitor,* of Dillon and *J. Dupre Miller, Assistant Solictor,* of Bennettsville, *for Respondent,*

November 19, 1968.

BUSSEY, Justice.

The appellant was convicted of the crime of rape, but with a recommendation of mercy by the jury, and sentenced to a term of thirty years. Appeal is from the order of the trial judge denying a motion, on several grounds, for a new trial. There was clearly prejudicial error below and we reverse.

During the early hours of November 1, 1966, appellant was arrested as a suspect. Later that morning, about 9 o'clock, two officers, without the benefit of a search warrant, searched the bedroom occupied by the suspect, obtaining and removing in the course of such search various articles, including a coat and a mask allegedly worn by the appellant at the time of the assault. Such mask and coat were introduced in evidence over the objection of the appellant.

Such admission was clearly erroneous. *Mapp v. Ohio,* 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. (2d) 1081 (1961); *State v. Hill,* 245 S. C. 76, 138 S. E. (2d) 829 (1964).

The State does not here contend that such articles were admissible, but nevertheless, does contend, for several reasons, that the judgment below should be affirmed. It is first contended that the single exception of the appellant does not contain an assignment of error in accordance with Rule 4, Section 6 of the Supreme Court Rules. Admittedly, the exception is not expertly or adroitly worded in strict compliance with the rule, but the error which appellant sought to assert is readily ascertainable. Moreover, the case is of sufficient gravity that this court would not be justified in refusing to consider the exception because of its failure to strictly comply with the rule, particularly where the prejudicial error below is obvious. *State v. Griggs,* 184 S. C. 304, 192 S. E. 360 (1937).

It is contended by the State that error in admitting the mask was cured by counsel for appellant cross-examining the prosecuting witness thereabout. without reserving appellant's rights under the objection to its admission. We need not discuss this contention because there was clearly prejudicial error in the admission into evidence of the coat, which error was not in any manner waived or cured.

With respect to the coat, it is first argued that admission thereof was harmless because the record clearly established appellant's guilt, even without the coat. The entire record is not before us, but the portion that is simply does not support that contention. It is further argued that the introduction of the coat as an exhibit constituted merely cumulative evidence, and, hence, did not constitute prejudicial error. This latter contention is based on the fact that one of the officers testified, without objection,

as to finding the coat in the room of the appellant in the following language.

"Found one Army, I presume it was an Air Force coat; I am not too familiar with this coat; it looked like one."

The finding by the officer of a coat, so inexactly described, in the room of the appellant, had, standing alone, no probative force, to connect the defendant with the commission of any crime. When the coat was actually introduced in evidence, the prosecuting witness identified it as the coat worn by her assailant at the time of the assault. She pointed to where she had torn it in her struggle with the assailant, and to a rip in the side of the coat into which she allegedly got her hand in the course of the struggle. The strongly incriminating effect of the coat is obvious, since it, under the circumstances, played a strong part in identifying appellant as the assailant. The coat was not merely cumulative evidence or evidence, like that of the officer, which was given without objection. Cumulative evidence has repeatedly been defined to be additional evidence of the same kind to the same point. *McCabe v. Sloan,* 184 S. C. 158, 191 S. E. 905, 909 (1937) ; *Johnston v. Belk-McKnight Co.,* of Newberry, 188 S. C. 149, 198 S. E. 395, 399 (1938).

Appellant is entitled to a new trial and the judgment of the lower court is, accordingly, reversed.

Reversed and remanded.

Moss, C. J., Lewis and Littlejohn, JJ., and Clarence E. Singletary. Acting Associate Justice, concur.