Argued January 23, affirmed April 9, petition for rehearing
denied May 5, 1970. Petition for review denied by
Supreme Court June 16, 1970

## STATE OF OREGON, *Respondent, v.*
## RONALD GLENN MILLER,
### *Appellant.*

467 P2d 683

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before Schwab, Chief Judge, and Foley and Branchfield, Judges.

SCHWAB, C. J.

Defendant was indicted with his brother, Gerald Miller, tried separately before a jury and convicted of the crime of assault and robbery while being armed with a dangerous weapon. The robbery took place on

the night of April 7, 1968, at a neighborhood grocery store in Portland. Only one robber, the defendant, entered the store.[1] The defendant, brandishing a hand gun, told the clerk of the store, one Rekdahl, that it was a holdup and directed him to open the safe. The defendant took the money from the safe and Rekdahl's wallet. At a later date Rekdahl picked the defendant's picture from a group of "mug shots" and on April 30, 1968, picked the defendant out of a lineup.

Defendant makes three assignments of error on appeal. The first assignment involves the repeating of the testimony of a witness to the jury.

■ After the jury retired to deliberate, the foreman sent a message to the trial judge, saying, "It is imperative that the jury have Rekdahl's testimony read. Is this permissible?" The defendant objected to any portion of the testimony's being read to the jury. The judge overruled the objection and, although he ascertained from the jury foreman that the jury wanted only a part of Rekdahl's testimony read, directed that all of it be read to the jury. This was not error.

■ While such requests should not be encouraged, when a jury requests that testimony be repeated the decision on that request lies within the discretion of the trial court. *State of Oregon v. Vaughn,* 200 Or 275, 265 P2d 249 (1954); *State v. Jennings,* 131 Or 455, 282 P 560 (1929). Further, if the court in the exercise of its discretion decides that a portion of the evidence should be read to the jury in response to its request, it is a proper exercise of discretion "* * * to direct the reading also of other appropriate parts which the jury might otherwise disregard [citing cases]." *State v. Jennings,* supra, at 476.

---

[1] The defendant's brother, Gerald, was convicted in a separate trial and his separate appeal is pending before this court.

Defendant's second assignment of error is that the court required him to testify against himself in violation of his Fifth Amendment rights by directing him to speak in the courtroom for the purposes of an in-court voice identification. On direct examination Rekdahl positively identified the defendant as the robber and testified that he had experienced no difficulty in identifying him in the lineup. Cross-examination by defendant's counsel was thorough and searching. Apparently out of concern that the certainty of the identification had been put in question by this thorough cross-examination, the prosecuting attorney asked for the in-court voice identification. Defense counsel promptly objected to this on the ground that it was irrelevant, prejudicial and cumulative.

■ For the first time on appeal defendant raises the Fifth Amendment rights against self-incrimination as the basis of his objection. The authorities do not support his position. *State v. Hughes,* 87 Or Adv Sh 867, 252 Or 354, 449 P2d 445 (1969); *State v. Fisher,* 242 Or 419, 410 P2d 216 (1966); *United States v. Wade,* 388 US 218, 87 S Ct 1926, 18 L Ed 2d 1149 (1967). In any event, we need not further discuss the Fifth Amendment basis of this assignment of error because it was not preserved on appeal by a proper objection at trial.

■■ The relevancy of the in-court voice identification is obvious. Whether the prejudice resulting from requiring the defendant to speak before the trial jury outweighed the relevancy is a matter for the trial court's discretion. *State v. Oland,* 1 Or App 272, 461 P2d 277 (1969). A trial court may in its discretion permit cumulative testimony. *Simmons v. Holm, et al,*

229 Or 373, 367 P2d 368 (1961); *State v. Haines,* 147 Or 609, 34 P2d 921 (1934).

Defendant's last assignment of error is that the court erred in failing to instruct on the lesser included offense of assault and robbery not being armed with a dangerous weapon. Defendant did not request any such instruction and he did not take exception to the failure to give such instruction. The only case cited by defendant in support of his assignment of error is *State v. Braley,* 224 Or 1, 355 P2d 467 (1960), reversed on other grounds sub nom *Braley v. Gladden,* 403 F2d 858 (1968). *Braley* does not support him. There the court stated:

> "Defendant did not request an instruction embodying the elements of second degree murder under ORS 163.020(2), nor did he take an exception for the failure to give the instruction. Therefore, he is not entitled to assert the alleged error on appeal. We have held that if no exception is taken upon the failure to give an instruction on an included crime, the alleged error may not be asserted on appeal [citing cases] * * *." *State v. Braley,* supra, at 18.

In *State v. Carcerano,* 238 Or 208, 224, 390 P2d 923 (1964), cert den 380 US 923, 85 S Ct 921, 13 L Ed 2d 807 (1965), an armed robbery appeal, the court quoted the following from *State v. Cain,* 230 Or 286, 290-91, 369 P2d 769 (1962), another armed robbery conviction:

> " 'The last assignment complains that the judge failed to instruct on lesser charges. He was not requested to. Since the matter was not presented to the trial court we decline to decide whether the instructions would have been appropriate in this case. However, as above indicated, there was no denial that an armed robbery took place. It was only denied that defendant did it.' "

In *State v. Kendrick,* 239 Or 512, 518-19, 398 P2d 471 (1965), the court said:

> "* * * In the absence of a request for an instruction on a lesser included crime, it is not error for the court to fail to give it. *State v. Cain,* 230 Or 286, 369 P2d 769; *State v. Carcerano,* 238 Or 208, 390 P2d 923. For tactical reasons a defendant may not desire such an instruction and should not thereafter be able to take advantage of the court's failure to give it unless it has been requested."

■ While in some cases trial judges would be warranted in inquiring whether defense counsel wished to submit instructions on lesser included offenses, trial judges have no duty to give such instructions *sua sponte.* We note that defendant did not cite *State v. Olson,* 1 Or App 90, 459 P2d 445 (1969) or *State of Oregon v. Nodine,* 198 Or 679, 259 P2d 1056 (1953). In *Nodine,* a murder prosecution, discussing the failure to request instructions, the court stated:

> "Nevertheless, in a case where human life is at stake, we are not prepared to apply a procedural requirement of this kind, salutary though it may be, in all its strictness * * *." 198 Or at 687.

The procedural rule requiring instructions be requested was not followed. In *Olson* we held the same reasoning applied in attempt cases because the punishment was identical. It was not our intention in *Olson* to extend the holding in *Nodine* to other than murder cases. Indeed, whether the holding in *Nodine* remains viable now that the death penalty has been abolished is a question worthy of consideration in an appropriate case.

Affirmed.