519 P.2d 1185
**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Mary Frances BARELA, a/k/a Frances Sanchez, Defendant-Appellant.**

**No. 1256.**

Court of Appeals of New Mexico.

Feb. 20, 1974.

Lopez, J., concurred in result.

John M. Wells, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Agustin T. Gurule, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

SUTIN, Judge.

Defendant was convicted of distributing heroin. Section 54–11–20, N.M.S.A.1953 (Repl.Vol. 8, pt. 2, 1973 Supp.) She appeals. We reverse.

Defendant contends: (1) The deposition of Dr. Robert G. Schoenfeld was inadmissible at trial under Rule 29(n) of the Rules of Criminal Procedure. (2) There was insufficient evidence to support the conviction.

(1) *The deposition was inadmissible at trial.*

On the morning of trial, defendant objected to the State's use of the deposition of Dr. Robert G. Schoenfeld because of non-compliance with Rule 29(a), (e) and (n) of the Rules of Criminal Procedure [§ 41–23–29(a), (e), (n), N.M.S.A.1953 (2d Repl.Vol. 6, 1973 Supp.)]. On appeal, defendant limited her contention to a violation of Rule 29(n), supra.

At the pre-appeal hearing, the defendant relied upon error in the court ordering the taking of the deposition, but on appeal, the defendant relied only on error in admitting the deposition of Dr. Schoenfeld.

This opinion will be limited only to the admissibility of the deposition.

Rule 29(n), supra, reads as follows:

USE OF DEPOSITIONS. At the trial, or at any hearing, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used:

(1) If the witness is dead;

(2) If the witness is unable to attend to testify because of illness or infirmity;

(3) If the party offering the deposition has been unable to procure the attendance of the witness by subpoena;

(4) If the witness is out of the state, his presence cannot be secured by subpoena or other lawful means, and his absence was not procured by the party offering the deposition; and

(5) To contradict or impeach the witness.

■ The record is silent (1) as to the whereabouts of Dr. Schoenfeld at the time of trial; (2) whether he was unable to attend because he was ill or infirm; (3) whether he was in the State or out of the State. The district attorney did not attempt to procure the attendance at trial of Dr. Schoenfeld by subpoena or otherwise. The district attorney said:

We do not have to subpoena witnesses, because they would be annoyed . . . .

If the State's position were upheld, a defendant could be tried by deposition and not by testimony of witnesses.

The Sixth Amendment to the Constitution of the United States provides that "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."

■ Unless there is a waiver of the right to confrontation, the State is not permitted to introduce depositions of an absent or a deceased witness against accused at his trial. Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934, 937 (1965); State v. Hooks, 202 Kan. 68, 446 P.2d 770 (1968); State v. Collins, 265 Md. 70, 288 A.2d 163 (1972); State v. Smith, 230 S.C. 164, 94 S.E.2d 886 (1956); 23 C. J.S. Criminal Law § 1001.

Douglas v. Alabama, supra, quoted the following:

"The primary object of the constitutional provision in question was to prevent depositions or ex parte affidavits . . . being used against the prisoner in lieu of a personal examination and cross-examination of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face

with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief."

This quotation was affirmed in California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 1935, 26 L.Ed.2d 489 (1970) as a literal right to confront the witness at the time of trial.

For the importance of confrontation and cross-examination of witnesses at trial, see Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923, 928 (1965); State v. Lunn, 82 N.M. 526, 484 P.2d 368 (Ct.App. 1971).

 We hold that there must be strict compliance with Rule 29(n), supra. State v. Collins, supra. Prior to the adoption of the rule, the State had the duty to exercise due diligence to secure the attendance of a witness, even though absent from the jurisdiction of the court, to permit the admission of the testimony of the absent witness at a preliminary examination. Otherwise, the accused is denied his constitutional right of being confronted by the witness against him. State v. Bailey, 62 N.M. 111, 305 P.2d 725 (1957).

 In criminal cases, depositions are to be used only in exceptional circumstances. United States v. Rosenstein, 303 F.Supp. 210, 212 (S.D.N.Y.1969).

Rule 15(a) of the Federal Rules of Criminal Procedure, after which our Rule 29(a) was patterned, requires some kind of factual showing that the witness will be unable to attend trial. A federal court in interpreting Rule 15(a) stated:

The exception to the general rule concerning confrontation and cross-examination of the witness is based upon considerations of public policy. The exception, however, . . . must be used only in such a manner as to guarantee due process by the laying of a proper predicate to show that the witness is in fact unavailable.

Washington v. Holman, D.C., 245 F.Supp. 116 (1965).

██ ██ The State contends the error in admission of the deposition is harmless. We disagree. The violation of a defendant's constitutional right is never harmless.

The trial court erred in allowing the deposition of Dr. Schoenfeld to be read into evidence.

(2) *The question of insufficiency of the evidence to support a conviction is not reviewable.*

At the pre-appeal hearing, the defendant did not require that the testimony of witnesses be included in the appeal transcript. It was not so ordered by the trial court. Without the record of testimony, we cannot determine whether the evidence is insufficient to support the conviction.

This cause is reversed and defendant is granted a new trial.

It is so ordered.

HERNANDEZ, J., concurs.

LOPEZ, Judge (specially concurring).

I concur only in the result. I base my decision on the views expressed in State v. Berry (Ct.App.), 520 P.2d 558 decided February 20, 1974.