520 P.2d 558

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Lester BERRY, aka Les, Defendant-Appellant.**

**No. 1241.**

Court of Appeals of New Mexico.

Feb. 20, 1974.

Ray Tabet, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., George A. Morrison, Sp. Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

### OPINION

WOOD, Chief Judge.

Defendant was convicted of violating § 54–11–20, N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1973) on the basis that he unlawfully distributed heroin. The deposition of Dr. Schoenfeld was introduced at trial. In his deposition, Dr. Schoenfeld identified the substance allegedly distributed as heroin. Defendant objected to the use of the deposition at trial.

The dispositive question in defendant's appeal is whether the deposition was properly admitted. The two aspects of the question are: (1) admissibility under the Rules of Criminal Procedure and (2) admissibility apart from the rules.

*Admissibility under the Rules of Criminal Procedure.*

Section 41–23–29, N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973) deals with depositions in criminal proceedings. Subdivision (a) provides for the taking of depositions. No issue is raised concerning the taking of

the deposition. Subdivision (n) states when a deposition may be used.

Section 41–23–29(n), supra, reads:

"At the trial, or at any hearing, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used:

"(1) If the witness is dead;

"(2) If the witness is unable to attend to testify because of illness or infirmity;

"(3) If the party offering the deposition has been unable to procure the attendance of the witness by subpoena;

"(4) If the witness is out of the state, his presence cannot be secured by subpoena or other lawful means, and his absence was not procured by the party offering the deposition; and

"(5) To contradict or impeach the witness."

An affidavit of Dr. Schoenfeld states that he would be out of the State during the first eighteen days of January, 1973. Trial setting for January 8, 1973, was vacated. The deposition was taken February 14, 1973. Trial was held February 20, 1973. At trial, the prosecuting attorney moved for introduction of the deposition taken February 14th. At the hearing on defendant's objection, the prosecuting attorney stated it was his "understanding" that Dr. Schoenfeld was in Mexico. The trial court stated at a hearing on February 12, 1973, it "was advised that Doctor Schoenfeld would again be out of the country during this week." After overruling defendant's objection to use of the deposition, the trial court informed the jury that the deposition would be read, explaining: "Doctor Schoenfeld is unavailable, as far as the Court could determine last week, to testify today."

The only portion of § 41–23–29(n), supra, to which the above showing could apply is paragraph (4). We doubt that statements by the prosecuting attorney and the trial court, that the witness was out of State, are a sufficient showing because the statements are no more than bare recitals unsupported by factual elaboration. See United States v. Rosenstein, 303 F.Supp. 210 (S.D.N.Y.1969). However, it is unnecessary to decide whether a sufficient showing was made that the witness was out of the State.

Assuming, but not deciding, that the witness was out of the State, this does not fulfill the requirement of paragraph (4). A second requirement of paragraph (4) is that the witness' "presence cannot be secured by subpoena or other lawful means." The fact that the witness was out of the State does not mean that the witness' presence could not have been secured by subpoena or other lawful means. Neither the prosecuting attorney nor the trial court commented on this requirement. As to this requirement, there was no showing. See United States v. Bronston, 321 F.Supp. 1269 (S.D.N.Y.1971); United States v. Rosenstein, supra; United States v. Birrell, 276 F.Supp. 798, at 822 (S.D.N.Y. 1967).

There being no showing as to the second requirement of paragraph (4), we need not consider the third requirement—that the witness' absence was not procured by the party offering the deposition.

There being no showing in compliance with § 41–23–29(n), supra, the deposition was not admissible under that rule.

*Admissibility apart from the Rules of Criminal Procedure.*

The record indicates the case had been set for trial and then continued several times. The State contends that use of the deposition was justified in order to avoid further delay and inconvenience. State v. Armijo, 72 N.M. 50, 380 P.2d 196 (1963) states that under the common law the defendant had no right to take the deposition of a witness. "In New Mexico, we have no statute nor any rule of court which authorizes the taking of depositions in a

criminal case, and, therefore, the common law is still in effect on this subject."

 The change, since *Armijo*, supra, was decided, is the Rule of Criminal Procedure previously discussed. The only provision for taking of depositions in criminal cases is § 41–23–29, supra. Subdivision (n) of that rule is the only authority for the use of depositions in criminal proceedings. The trial court had no authority, apart from the rule, to allow the deposition to be used at trial.

The deposition was improperly admitted. The judgment and sentence is reversed. The cause is remanded with instructions to grant defendant a new trial.

It is so ordered.

HENDLEY and LOPEZ, JJ., concur.