524 P.2d 206

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Charles Kenneth MITCHELL, Defendant-Appellant.**

**No. 1452.**

Court of Appeals of New Mexico.

June 19, 1974.

James E. Snipes, Sanders, Snipes & Templeman, Lovington, for defendant-appellant.

David L. Norvell, Atty. Gen., Willard W. Royer, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

LOPEZ, Judge.

Defendant was charged with burglary contrary to § 40A–16–3, N.M.S.A.1953 (2d Repl.Vol. 6), and receiving stolen property of a value in excess of $100.00 but less than $2,500.00, contrary to § 40A–16–11, N.M.S.A.1953 (2d Repl.Vol. 6). He was acquitted on the burglary count and convicted on the receiving stolen property count. He appeals raising two issues: (1) sufficiency of the evidence; and, (2) denial of his right to confront a witness.

We have reviewed the record and find substantial evidence to support the conviction. The record supports the conclusion that the defendant, ". . . disposed[d] of property knowing that it . . . [had] been stolen . . .," by selling a washer and dryer to the witness Linda Dennis. Section 40A–16–11(A), supra. Authorities are cited by defendant to the effect that one who is a thief cannot be convicted of "receiving" the property he stole because the theft and receipt are the same act. Those authorities are inapplicable when the record supports the conclusion that the defendant "disposed of" property which he may have also stolen. The theft and disposal are different acts. Further, defendant was convicted of only one of the counts. His authorities proscribe only conviction for both offenses not the charging of both. See People v. Taylor, 4 Cal.App.2d 214, 40 P.2d 879 (1935); compare State v. Gleason, 80 N.M. 382, 456 P.2d 215 (Ct.App.1969).

■ The defendant finally claims that his right of confrontation granted by the Sixth Amendment of the United States Constitution and Art. II of § 14 of the New Mexico Constitution was denied when the trial court admitted into evidence the transcript of the testimony of the witness Linda Dennis taken at the preliminary hearing. That witness was unavailable for the jury trial of the case and the record shows that the state exhausted all reasonable attempts to locate her. We cannot agree with defendant. In State v. Hibbs, 82 N.M. 722, 487 P.2d 150 (Ct.App.1971) we rejected an identical contention. The record in the case at bar shows that the defendant's counsel cross-examined Linda Dennis at the preliminary hearing.

The judgment and sentence is affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.