535 P.2d 70

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Lowada Ann MANN, Defendant-Appellant.**

**No. 1678.**

Court of Appeals of New Mexico.

April 23, 1975.

428

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, Appellate Defender, Sarah Singleton, Associate Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Santa Fe, Ralph W. Muxlow II, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Defendant was convicted of receiving stolen property of over $100 but under $2,500. Section 40A–16–11, N.M.S.A.1953

(2d Repl.Vol. 6). Defendant appeals. We reverse.

In brief, our decision to reverse rests on the following analysis of the issues.

(1) Admission into evidence of the preliminary hearing testimony of the absent material witness was error.

(2) That testimony was cumulative of the testimony of other witnesses, which fact might render the error harmless.

(3) However, admission into evidence of the preliminary hearing testimony denied to the defendant her right of confrontation.

(4) Denial of the right of confrontation, a fundamental constitutional right, is never harmless error.

The defendant was convicted of receiving stolen property owned by Jake Hargrove. At the time of trial, Hargrove was in Montana. The State attempted to subpoena Hargrove and learned of his absence two days before trial. He was declared to be a material witness. The record shows that the State exercised no effort to bring Mr. Hargrove to the trial. In fact, the State hesitated to announce ready for trial until such time as the Court determined that the preliminary hearing testimony was admissible. Over objection, the court allowed the State to introduce into evidence a transcript of Hargrove's preliminary hearing testimony.

A. *Hargrove's former testimony was inadmissible under the Rules of Evidence.*

We are confronted with Rule 804 of our Rules of Evidence [§ 20–4–804, N.M.S.A. 1953 (Repl.Vol. 4, 1973 Supp.)].

 Rule 804(b)(1) permits the admission of Hargrove's former testimony as an exception to the hearsay rule if Hargrove "is unavailable as a witness". At the preliminary hearing, Hargrove was examined by the State and cross-examined by the defendant in compliance with this rule.

Was Hargrove available as a witness?

Rule 804(a)(5) reads:

(a) *Definition of Unavailability.* "Unavailability as a witness" includes situations in which the declarant:

\*　　\*　.　\*　　\*　　\*　　\*

(5) Is absent from the hearing and the proponent of his statement has been unable to procure his attendance *by process or other reasonable means.* [Emphasis added]

On the morning of the trial, the State, in laying its foundation for introducing the preliminary hearing testimony of the absent witness, stated to the court:

Please the Court, the State's attempted to serve Subpoena upon Jake Hargrove. We received information today—or day before yesterday, rather, that he is in the State of Montana. He is a material witness in the case, being the owner of the property involved in the case.

The State contends that this foundation is sufficient to constitute "unavailability". We disagree.

The district attorney's statements are no more than bare recitals unsupported by factual elaboration. Heretofore, we have expressed doubt that such statements sufficiently demonstrate a party's inability to procure the attendance of a witness at trial. State v. Berry, 86 N.M. 138, 520 P. 2d 558 (Ct.App.1974). In the present case, we declare the statements to be insufficient because there was no compliance with the rule.

State v. Berry and State v. Barela, 86 N.M. 104, 519 P.2d 1185 (Ct.App.1974) guide us in determining the issue. These cases involve the admission into evidence of the deposition of an absent witness.

Rule 29(n) of the Rules of Criminal Procedure [§ 41–23–29(n), N.M.S.A.1953 (2d Repl.Vol. 6, 1973 Supp.)] provides that a deposition is admissible at trial:

\*　　\*　　\*　　\*　　\*　　\*

(3) If the party offering the deposition has been unable to procure the attendance of the witness by subpoena;

(4) If the witness is out of the state, his presence cannot be secured by subpoena or other lawful means, and his ab-

sence was not procured by the party offering the deposition; * * *

This rule is comparable to Rule 804. In *Barela,* supra, and *Berry,* supra, we held that there must be strict compliance with Rule 29(n); that a showing must be made that the witness's presence could not have been secured by subpoena or other lawful means; and that due to failure to comply, the depositions were not admissible in evidence.

The criminal information was filed April 16, 1974. Trial by jury was held June 26, 1974. We have no information as to when the State took any action to require the presence of Hargrove before trial.

Rule 45(e) of the Rules of Civil Procedure [§ 21–1–1(45)(e), N.M.S.A.1953 (Repl.Vol. 4)] governs the issuance and service of subpoenas for trial in criminal cases. Section 41–23–48(a), N.M.S.A.1953 (2d Repl.Vol. 6, 1973 Supp.).

The subpoena is not a matter of record. The issuance and attempt to serve the subpoena, as well as the time and place of the attempted service are not a matter of record. There is no evidence to show what inquiry, if any, the State made to locate Hargrove before trial. Nor is there evidence to establish when Hargrove left New Mexico.

In short, the record contains no evidence as to the circumstances of the State's alleged attempt and inability to subpoena the witness. Speculation, conjecture or surmise by an appellate court is sheer imprudence when a person's freedom is at stake.

■ We hold that a witness is available for trial unless the proponent of the former testimony makes a showing in court that the proponent was unable to procure the attendance of the witness by subpoena. The State failed to do so. See State v. Holly, 79 N.M. 516, 445 P.2d 393 (Ct.App. 1968).

Under Rule 804, Hargrove's preliminary hearing testimony was not admissible in evidence.

**B.** *The former testimony was cumulative of the testimony of other witnesses.*

■ The State contends the testimony of Hargrove was harmless error because it was cumulative of the testimony of three other witnesses. The defendant's answer is that this contention is inconsistent with the position taken by the State at the trial that Hargrove "is a material witness in the case, being the owner of the property involved in the case." Defendant's position is untenable because no authority or facts are presented in support.

In State v. Berry and State v. Barela, it was unnecessary to deal with the question of harmless error. In each case, the deposition testimony of the doctor was essential to a conviction, because it was the only evidence which proved that the substance in the defendant's possession was heroin. The deposition testimony was not cumulative of any other testimony. Therefore, the admission of the deposition testimony was prejudicial error. It infringed on the defendant's "substantial rights", and violated "substantial justice". See §§ 21–1–1(61) (Harmless Error), 21–2–1(17)(10), N.M.S.A.1953 (Repl.Vol. 4).

Having reviewed the whole record in the insant case, we hold that the Hargrove preliminary hearing testimony was not prejudicial. It was cumulative. The testimony of Hargrove's sister-in-law and two police officers established the essential elements of receiving stolen property under § 40A–16–11.

"A trial court may in its discretion permit cumulative testimony." State v. Miller, 2 Or.App. 353, 467 P.2d 683, 685 (1970), "and error cannot be predicated on its admission where there is no abuse of discretion." Buckles v. State, 500 P.2d 518 (Wyo.), cert. denied, 409 U.S. 1026, 93 S. Ct. 475, 34 L.Ed.2d 320 (1972); See 23 C. J.S. Criminal Law § 1041, at 1175–77. We find no abuse of discretion in the instant case.

C. *Denial of the right of confrontation was reversible error.*

Defendant objected to the admission of Hargrove's preliminary hearing testimony, because it denied defendant the right to confront this witness at the trial. The objection was overruled.

Article II, § 14 of the New Mexico Constitution provides that "In all criminal prosecutions, the accused shall have the right * * * to be confronted with the witnesses against him; * * *" .

In State v. Bailey, 62 N.M. 111, 305 P.2d 725 (1956), a situation identical to the one in the instant case was presented to the trial court. Over objection, the court admitted into evidence the testimony of a witness taken at a preliminary hearing. In reversing the case, the court said:

We conclude that in allowing the testimony of the witness to be read, the accused was denied his constitutional right of being confronted by the witnesses against him. The mere fact that the witness was absent from the jurisdiction of the court, was not enough. The exercise of due diligence on the part of the officers, in an effort to secure his attendance, was essential to the admission of the testimony of the absent witness. 62 N.M. at 113, 305 P.2d at 726.

The essential ingredient of this rule is the exercise of due diligence by the State to secure the attendance of the witness. State v. Bailey, supra; State v. Barela, supra; State v. Mitchell, 86 N.M. 343, 524 P.2d 206 (Ct.App.1974); State v. Jackson, 30 N.M. 309, 233 P. 49 (1924). See, also, State v. Kirk, 211 Kan. 165, 505 P.2d 619 (1973), in which admission of prior recorded testimony by an absent witness was held to be error because of the denial of the right of confrontation, even though the testimony was cumulative of the testimony of other witnesses.

If the State makes such diligent effort to secure the attendance of an absent witness, and fails in this effort, the admission of the former testimony rests in the discretion of the trial court. State v. Holly, supra; State v. Jackson, supra. The record does not show any effort by the State to bring Hargrove from Montana to defendant's trial.

In State v. Barela, supra, we said:

The State contends the error in the admission of the deposition is harmless. We disagree. The violation of a defendant's constitutional right is never harmless. 519 P.2d at 1187.

It is never harmless, unless (a) there has been a waiver of the right of confrontation, or (b) the witness is unavailable.

On the right of confrontation, the United States Supreme Court has stated the following:

There are few subjects, perhaps, upon which this Court and other courts have been more nearly unanimous than in their expressions of belief that the right of confrontation and cross-examination is an essential and fundamental requirement for the kind of fair trial which is this country's constitutional goal. Pointer v. Texas, 380 U.S. 400, 405, 85 S.Ct. 1065, 1068, 13 L.Ed.2d 923, 927 (1965).

Unless there has been a waiver of the right of confrontation, or it has been shown that the witness is unavailable after due diligence has been used by the State to attempt to produce him at trial, admission of a witness's prior recorded testimony violates a defendant's right of confrontation. Infringement of that right cannot be harmless error. It is a right that is "so basic to a fair trial that [its] infraction can never be treated as harmless error." Chapman v. California, 386 U.S. 18, 23, 87 S.Ct. 824, 827–28, 17 L.Ed.2d 705, 710 (1967).

Here, there was no showing of due diligence by the State in attempting to produce Hargrove at trial. Therefore, admission of Hargrove's preliminary hearing testimony violated defendant's right to be confronted by this witness. Such error necessitates reversal.

Defendant's conviction is reversed, and defendant is granted a new trial.

It is so ordered.

HENDLEY, J., specially concurs.

HERNANDEZ, J., dissents.

HENDLEY, Judge (specially concurring).

I concur in Judge Sutin's result that defendant be awarded a new trial but for different reasons.

First, Hargrove's testimony was inadmissible because the state made no attempt, other than the issuance of a subpoena, to secure the attendance of Hargrove. Both New Mexico and Montana have adopted the "Uniform Act to Secure the Attendance of Witnesses from without a State in Criminal Proceedings." Sections 41–12–13 through 41–12–19, N.M.S.A.1953 (2d Repl.Vol. 6, 1972); §§ 94–9001 through 94–9007, Repl.Vol. 8, Revised Codes of Montana, 1947. I would require, under the circumstances of this case, the state to use the procedures in the Uniform Act before a witness could be declared unavailable. Section 20–4–804, N.M.S.A.1953 (Repl. Vol. 4, 1970, Supp.1973).

Second, the state contends the error was harmless since Mr. Hargrove's testimony was corroborative of the testimony of three other witnesses. It is true that Mr. Hargrove's testimony with regard to the unauthorized taking and the identity of the property was repetitious of that of the other witnesses. However, the testimony of the other witnesses as to these two elements was hearsay although no objection was made to its admission. Our Supreme Court in State v. Romero, 67 N.M. 82, 352 P.2d 781 (1960) stated:

" * * * hearsay evidence may have sufficient probative worth to support a verdict * * * However, this rule does not operate to make objectionable testimony conclusive proof of the matter asserted therein. The fact that it was hearsay does not prevent its use as proof so far as it has probative value, but this is limited to the extent of whatever rational persuasive power it may have. * * *"

But compare Pitcock v. State, 168 Tex.Cr. R. 223, 324 S.W.2d 866 (1959) and Nesbit v. State, 71 Ga.App. 744, 32 S.E.2d 207 (1944), both standing for the proposition that hearsay admitted without objection is of no probative value whatsoever.

As I cannot say that the hearsay testimony of the other witnesses was conclusive proof of two elements of the crime, State v. Romero, supra, and as I do not know what rational persuasive power it had in the eyes of the jury, we cannot say that the improperly received prior hearing testimony did not contribute to the conviction. See State v. Thurman, 84 N.M. 5, 498 P.2d 697 (Ct.App.1972); State v. Lopez, 80 N. M. 599, 458 P.2d 851 (Ct.App.1969). Thus, not being able to determine whether or not the error was harmless, I agree the defendant is entitled to a new trial.

I need not reach the confrontation issue.

HERNANDEZ, Judge (dissenting).

The preliminary hearing testimony complained of, made by Mr. Hargrove alleges, in essence, (1) that various items of household furniture were removed from his home without authority during a period of his absence, and (2) that the same items were discovered and subsequently identified by him in the defendant's home.

The prosecution established these two facts by independent sources. In my opinion, the trial testimony of detective Brewton establishes that the furniture found in the defendant's home was identified by Mr. Hargrove as his. Brewton testified that he, Mr. Hargrove, and a second Roswell City Police Officer went to the defendant's home to determine whether the missing furniture could be located there. The defendant permitted their entry, and Mr. Hargrove identified the furniture. I do not agree that this testimony was hearsay. In similar circumstances, the Nevada Supreme Court has quoted approvingly from 20 Am.Jur., Evidence, § 555, p. 467, as follows:

"'An objection that a statement is hearsay is not available as to a statement

made in the presence of the party against whom the statement is offered in evidence and in a conversation in which he took part.'" Beasley v. State, 81 Nev. 431, 404 P.2d 911 (1965).

And our Rule of Evidence, Section 20–4–801(d) provides:

"a statement is not hearsay if— * * * (2) The statement is offered against a party and is * * * (B) a statement of which he has manifested his adoption or belief in its truth * * *."

The defendant did not challenge Mr. Hargrove's statement that the furniture was his.

On the question of whether the furniture belonged to Mr. Hargrove and was taken from his home without authorization, I believe the testimony adduced at trial from Mr. Hargrove's sister-in-law serves as an independent source. On direct examination she testified as follows:

"Q. And, to your knowledge, did Jake Hargrove come up missing some furniture?

"A. Yes. sir.

"Q. You knew about this?

"A. Yes, sir."

This testimony came in without objection, and nothing elicited by defense counsel on cross-examination served to undermine it.

I would therefore hold that the preliminary hearing testimony read at trial was merely cumulative and that owing to the absence of proof of any prejudice suffered by the defendant as a result of its admission, what error there may have been in the trial court's failure to exact documentation from the prosecution on its claim that Mr. Hargrove was unavailable to repeat his testimony at the trial should be viewed as harmless.

"Cumulative evidence has repeatedly been defined to be additional evidence of the same kind to the same point." State v. Funderburke, 251 S.C. 536, 164 S.E.2d 309 (1968). " * * * [W]hether cumulative evidence will be permitted is in the area of the court's discretion and the ruling thereon will not be disturbed on appeal unless it is made to appear that such discretion was abused." State v. Steinkraus, 76 N.M. 617, 417 P.2d 431 (1966).

For the reasons stated, I do, therefore, respectfully register my dissent.