575 P.2d 612

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Daniel Levy DeSANTOS, a/k/a Douglas
W. Williams, Defendant-Appellant.**

No. 2923.

Court of Appeals of New Mexico.

Jan. 31, 1978.

Tom Stribling, Tom Stribling Profession-
al Assoc., Albuquerque, for defendant-ap-
pellant.

Toney Anaya, Atty. Gen., Paquin M. Ter-
razas, Asst. Atty. Gen., Santa Fe, for plain-
tiff-appellee.

## OPINION

WOOD, Chief Judge.

The two offenses involved, murder and
unlawfully taking a vehicle, occurred No-
vember 1, 1973. Defendant was convicted
of murder in the first degree and unlawful-
ly taking a vehicle on March 3, 1975. Sen-
tence was imposed on March 3, 1975, and an
amended sentence was imposed on March
11, 1975. On June 29, 1976 the first degree
murder conviction was reversed; the vehi-
cle conviction was affirmed. *State v. De-
Santos*, 89 N.M. 458, 553 P.2d 1265 (1976).
On February 11, 1977 defendant was con-
victed of second degree murder. Delay in

the appeal from the second degree murder conviction resulted from the transcript not being filed until August 22, 1977 and defendant's brief-in-chief not being filed until October 25, 1977. The State's answer brief was timely, being filed on November 14, 1977. The issues involve: (1) use of defendant's testimony at the former trial; (2) deposition testimony; and (3) propriety of the sentence.

*Use of Defendant's Former Trial Testimony*

Defendant testified at the first trial. Upon retrial, the State introduced this former trial testimony. Defendant concedes the general rule is that defendant's testimony at a former trial may be used against him upon retrial. See *State v. Wright*, 38 N.M. 427, 34 P.2d 870 (1934). He asserts the general rule is inapplicable.

Defendant contends the general rule is inapplicable if, prior to testifying in the first trial, he was not warned that his testimony might be used against him in a future trial. He claims that absent such an explicit warning, he did not waive his privilege against self-incrimination in future trials. *Harrison v. United States*, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968) states:

[W]e . . . do not question the general evidentiary rule that a defendant's testimony at a former trial is admissible in evidence against him in later proceedings. A defendant who chooses to testify waives his privilege against compulsory self-incrimination with respect to the testimony he gives, and that waiver is no less effective or complete because the defendant may have been motivated to take the stand in the first place only by reason of the strength of the lawful evidence adduced against him.

■ Defendant does not claim that he testified in his former trial in order to overcome the impact of illegally obtained evidence. See *Harrison v. United States*, supra. Nor does he claim that his testimony in the former trial was involuntary or given after invoking the testimonial privilege. In this situation, defendant waived his privilege against self-incrimination when he testified at his former trial. No explicit warning was required. See *Edmonds v. United States*, 106 U.S.App.D.C. 373, 273 F.2d 108 (1959).

■ Annot., 5 A.L.R.2d 1404, § 3, and *Edmonds v. United States*, supra, both indicate the general rule is applicable in the absence of a statute governing the situation. See *Kirby v. The Commonwealth*, 77 Va. 681, 46 Am.Rep. 747 (1883).

Defendant asserts that § 41–15–7, N.M. S.A. 1953 (2d Repl. Vol. 6) prohibits use of defendant's former trial testimony at a subsequent trial. This statute reads:

The district court to which any criminal cause shall be remanded for new trial shall proceed thereon in the same manner as if said cause had not been theretofore tried.

Section 41–15–7, supra, was enacted as § 57 of the Laws 1917, ch. 43. The title of that statute reads: "An Act Providing Appellate Procedure in Civil and Criminal Cases, and Repealing Certain Sections of Existing Law." *State v. Nelson*, 65 N.M. 403, 338 P.2d 301 (1959) states that § 41–15–7, supra, "simply means that the district court to which any case is remanded for a new trial shall re-examine and re-try all issues of fact." Neither the wording of § 41–15–7, supra, nor the title of the act of which that section is a part suggests in any manner that § 41–15–7, supra, applies to the admissibility of evidence upon retrial. Section 41–15–7, supra, does not prevent application of the general rule.

■ Defendant states:

[A]t the first trial the Defendant was facing the Death sentence and felt compelled to take the stand, while in the second trial the death sentence was not available to the appellee and the Defendant could reasonably be presumed to be acting under a different set of expectations and assumptions about his strategies and tactics to be used at the second trial.

Defendant contends he "must have the same choice of tactics available to him as if he had never been tried" on the issue be-

fore." Putting a defendant to a choice of strategy or tactics is not a violation of the privilege against compulsory self-incrimination. *State v. Smith*, 88 N.M. 541, 543 P.2d 834 (Ct.App.1975); *State v. Lindsey*, 81 N.M. 173, 464 P.2d 903 (Ct.App.1969), cert. denied, 398 U.S. 904, 90 S.Ct. 1692, 26 L.Ed.2d 62 (1970).

The general rule applied. Defendant's testimony at the former trial was properly admitted into evidence against him at the retrial.

### Deposition Testimony

Prior to retrial, the deposition of a hair comparison expert was taken; this deposition was admitted as evidence. Defendant asserts this was error. We disagree.

In December, 1976 the prosecutor moved for an order authorizing the taking of the deposition on the basis that the expert was a material witness and his testimony concerning the hair comparison was relevant. The deposition was sought on the basis the expert would not be able to attend the trial because the expert would be outside the continental United States on the dates set for trial. Defendant filed a memorandum opposing the prosecutor's motion; this memorandum asserted the prosecutor had "the intention of using the deposition at trial because Mr. Wallace [the expert] cannot appear at trial as it is currently set."

Subsequently, the parties stipulated that the prosecutor's motion "may be heard by the Court upon written memoranda of the parties and the setting heretofore made for December 20, 1976, is vacated." The trial court's order recites that the prosecutor's motion was heard upon "the arguments of counsel". This order found that the expert would be outside the continental United States on the trial date, that it was necessary that the expert's testimony be perpetrated prior to the witness's departure to prevent injustice. This order authorizes the taking of the deposition "for perpetuation of his testimony to be used at the trial."

Defendant does not claim that the trial court erred in authorizing the taking of the deposition. See Rule of Crim.Proc. 29(a).

His claim goes to use of the deposition at trial. He asserts that use of the deposition at trial was contrary to Rule of Crim.Proc. 29(n) or, in the alternative, the trial court should have continued the trial until the expert was available to testify in person.

The prosecutor's motion and defendant's opposition memorandum show that the prosecutor sought to take the expert's deposition for use at trial. Defendant's memorandum refers to the requirements of Rule of Crim.Proc. 29(n) for use of a deposition at trial, and states that the prosecutor's motion failed to allege the existence of such grounds. In light of these pleadings, the prosecutor had two burdens to meet at the evidentiary hearing scheduled for December 20, 1976. The first burden was to introduce evidence justifying an authorization for taking the deposition under Rule of Crim.Proc. 29(a). The second burden was to introduce evidence justifying use of the deposition at trial under Rule of Crim.Proc. 29(n).

Apparently defendant was satisfied that the prosecutor could meet these burdens because he stipulated that the motion should be heard upon written memoranda and that the scheduled evidentiary hearing should be vacated. The consequence of this stipulation was that defendant waived the requirement that the prosecutor establish a factual basis for using the deposition at trial. *State v. Berry*, 86 N.M. 138, 520 P.2d 558 (Ct.App.1974) and *State v. Barela*, 86 N.M. 104, 519 P.2d 1185 (Ct.App.1974) were concerned with the factual showing required for using a deposition at trial. Here, defendant waived the required factual showing by his stipulation.

This result, of waiver, is supported by defendant's contentions on appeal and his contentions in the trial court. Rule of Crim.Proc. 29(n)(4) authorizes use of a deposition at trial "[i]f the witness is out of the state, his presence cannot be secured by subpoena or other lawful means, and his absence was not procured by the party offering the deposition". On appeal, the only factual deficiency claimed by defendant is that the expert was subject to subpoena at

the time the expert's deposition was taken in New Mexico. No such contention was raised in the trial court.

At trial, defendant opposed use of the deposition on the basis of the memorandum submitted in opposition to the prosecutor's motion. This memorandum did not assert that the expert would be subject to subpoena; it argued there should be strict compliance with Rule of Crim.Proc. 29(n) and that if the deposition was used at trial "the jury will be deprived of the demeanor evidence that it would have available if Mr. Wallace testified in person." It was subsequent to this memorandum that defendant stipulated that an evidentiary hearing need not be held. Defendant thoroughly cross-examined the expert witness when the deposition was taken. The inability of the jury to observe the expert's demeanor at trial did not deny defendant the right to confront the witnesses against him. Opinion of Judge Hernandez in *State v. Tijerina*, 84 N.M. 432, 504 P.2d 642 (Ct.App.1972), approved in 86 N.M. 31, 519 P.2d 127 (1973); *State v. Lunn*, 82 N.M. 526, 484 P.2d 368 (Ct.App.1971).

An alternative reason for holding the trial court did not err in admitting the deposition at trial is that the deposition testimony was cumulative. Defendant's opposition memorandum states that the expert's testimony "is responsible for placing the victim in the Defendant's house." We agree that such an inference is permissible from the deposition. Such is cumulative because defendant's own testimony placed the victim in his house. Thus, error, if any, in admitting the deposition of the expert was harmless. See dissenting opinion of Judge Hernandez in *State v. Mann*, 87 N.M. 427, 535 P.2d 70 (Ct.App.1975).

Defendant's alternative contention is that the trial court erred in not continuing the trial to a date when the expert could testify in person. There is nothing showing an abuse of discretion in denying a continuance. *State v. Brewster*, 86 N.M. 462, 525 P.2d 389 (Ct.App.1974).

## Sentence

Defendant challenges the propriety of his sentence in two ways.

The first claim is that the trial court "erred in not requiring the Defendant to serve the sentence imposed in the second trial concurrently with the sentence imposed in the first trial." We need not consider defendant's various arguments based on the original convictions and sentences for murder in the first degree and unlawful taking of a vehicle. We need not do so because there is nothing in the record before us indicating the sentence for second degree murder was not to be served concurrently with the remainder of his sentence for unlawful taking of a vehicle.

The sentence for second degree murder was that defendant serve not less than ten nor more than fifty years in the penitentiary. The sentence was not made consecutive to any other sentences being served. In this situation, the applicable rule is that the two sentences were to be served concurrently. *Deats v. State*, 84 N.M. 405, 503 P.2d 1183 (Ct.App.1972). In addition, the commitment to the penitentiary provides that the sentence for second degree murder began on February 11, 1977. This is the date the guilty verdict was returned. This indicates to us that the second degree murder sentence was to be served concurrently with the term remaining on the sentence for unlawful taking of a vehicle. Compare the different fact situation in *State v. Upshaw*, 79 N.M. 484, 444 P.2d 995 (Ct.App.1968).

The second claim is that defendant should be given credit upon his second degree murder conviction for all penitentiary time served under the death sentence which was set aside. We agree that under §§ 40A–29–24 and 40A–29–25, N.M.S.A. 1953 (2d Repl. Vol. 6) defendant was enti-

tled to credit for any time served under the death sentence.

■ Defendant seems to argue that a commencement date of February 11, 1977 for the second degree murder shows he was deprived of such credit. That we do not know; the issue was never raised in the trial court. *State v. Brakeman*, 88 N.M. 153, 538 P.2d 795 (Ct.App.1975). If defendant is of the view that he has not been given the proper credit on his sentence for second degree murder, he may raise that issue in post-conviction proceedings. See Rule of Crim.Proc. 57.

The judgment of conviction and, on the record before us, the sentence are affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.