581 P.2d 22

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**William Curtis ALLEN,
Defendant-Appellant.**

**No. 3387.**

Court of Appeals of New Mexico.

May 23, 1978.

Writ of Certiorari Denied June 22, 1978.

Kenneth C. Leach, Charles C. Spann, P. A., Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Santa Fe, Charlotte Hetherington Roosen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his convictions of kidnapping, criminal sexual penetration in the second degree and armed robbery. The sufficiency of the evidence is not challenged. The issues involve: (1) admission of a collateral offense; and (2) pretrial admission of evidence.

### Admission of Collateral Offense

Evidence Rule 404(b) authorizes the admission of other crimes, acts and wrongs to prove, among other things, identity. "Whenever the proof of another act or crime tends to prove the guilt of the person on trial, it is admissible, notwithstanding the consequences to the defendant. The state has the right to show the guilt of the defendant by any relevant fact." *State v. Bassett*, 26 N.M. 476, 194 P. 867 (1921). "[S]uch evidence may * * * properly be received if it is relevant to, and its probative force is sufficiently great upon, some material element of the crime charged which is in issue and upon which there is doubt, such as identity". *State v. Mason*, 79 N.M. 663, 448 P.2d 175 (Ct.App.1968); see *State v. Lopez*, 80 N.M. 599, 458 P.2d 851 (Ct.App.1969), cert. denied, 398 U.S. 942, 90 S.Ct. 1860, 26 L.Ed.2d 279 (1970).

A material element in issue in this case was the identity of defendant as the perpetrator of the crimes. Defendant presented an alibi defense. *State v. Gutierrez*, 79 N.M. 732, 449 P.2d 334 (Ct.App.1968) states: "The matter of identity was of crucial importance because alibi was injected as a defense." See also *State v. Turner*, 81 N.M. 450, 468 P.2d 421 (Ct.App.1970).

The question is whether the evidence of defendant's crime against victim B was relevant and of sufficient probative force to

be admitted as evidence that defendant was the one who committed the crimes against the victim in this case, victim A. Arguing against admissibility, defendant emphasizes dissimilarities in the crimes against the two victims. Our concern however is with the similarities because relevancy depends on the similarities.

Victim A was abducted at knifepoint; a gun was initially used against victim B, however, the abductor put away his gun and thereafter used a knife. The abductor was not satisfied with the obvious threat from the presence of the knife, each victim was told the knife would be used if she tried to escape. The abductor talked to both victims about fellatio, and required victim A to perform fellatio while the abductor was driving. The abductor first told the victims that he had robbery in mind, and soon thereafter told the victims he wanted to rape them. Victim A was abducted at a shopping center; victim B was abducted after leaving, and when approximately one block from a shopping center. Each victim wore glasses and each was told to remove her glasses shortly after being abducted. The abductor had each victim remove her brassiere while being driven by the abductor.

 The similarities cannot be characterized, as defendant contends, as features in any other rape case. Rather, the similarities are such that the trial court could properly rule that testimony as to the crime against victim B was admissible on the question of whether defendant committed the crime against victim A. *State v. Lopez*, supra. Specifically, the trial court could properly rule that victim B's testimony was relevant and probative on the question of defendant's identity. See *State v. Aguirre*, 84 N.M. 376, 503 P.2d 1154 (1972). The admission of evidence under Evidence Rule 404(b) is within the discretion of the trial court, and that court's determination will not be disturbed on appeal in the absence of an abuse of discretion. *State v. Marquez*, 87 N.M. 57, 529 P.2d 283 (Ct.App.1974); see *State v. Bell*, 90 N.M. 134, 560 P.2d 925 (1977). With the above similarities, we can-

not hold the trial court abused its discretion.

Defendant contends the probative value of victim B's testimony on the question of identity was outweighed by its prejudicial effect. See Evidence Rule 403. The trial court heard a tender of victim B's testimony and clearly exercised its discretion in ruling that it would be admitted. In light of the alibi defense, we cannot hold the trial court abused its discretion in holding the testimony was admissible under Evidence Rule 403. *State v. Fuson*, 91 N.M. 366, 574 P.2d 290 (Ct.App.1978).

*Pretrial Admission of Evidence*

Defendant's pretrial motion in limine requested the trial court to instruct the prosecutor not to refer to, allude to, or in any manner bring before the jury the testimony of victim B "without first approaching the bench and making known to the Court and the Attorney for the Defendant, outside the presence and hearing of the Jury, that he intends to offer such proof, thus permitting the Jury to be retired and the evidence and objections heard, and the Court to rule on the admissibility of such evidence, before it is placed before the Jury".

This motion was heard immediately prior to selection of the jury and, in essence, was granted. Victim B's testimony was not admitted until after a hearing outside the presence of the jury during the trial.

 At the hearing, immediately prior to jury selection, defendant expanded his motion by claiming that he was entitled to a ruling on the admissibility of victim B's testimony prior to trial. The trial court denied this claim, pointing out that it could not intelligently rule on the admissibility of victim B's testimony under Evidence Rule 404(b) until the testimony of victim A had been presented. Defendant asserts the ruling was contrary to *Proper v. Mowry*, 90 N.M. 710, 568 P.2d 236 (Ct.App.1977). We disagree; whether to rule on the admissibility of evidence prior to trial is discretionary with the trial court. *Proper v. Mowry*, supra, states: "[T]he trial court has the

right to take the motion under advisement, reserving the right to rule upon the matter when it arises at trial."

Defendant also contends that he has a right to a pretrial ruling on the admissibility of evidence because, absent such a ruling, his "ability to put on an effective defense was severely limited." He advances four arguments in support of this claim; we agree with none of them.

(a) Defendant argues that without a pretrial ruling on admissibility, he would not know whether to take the stand. The absence of a pretrial ruling is asserted to have a "chilling effect" on counsel's decision to advise his client on whether to take the stand. The asserted chilling effect is claimed to be a violation of his constitutional right to counsel.

Defendant relies on *State v. Tuell*, 112 Ariz. 340, 541 P.2d 1142 (1975). In that case, the trial court denied the motion in limine and ruled that evidence of a related offense would be admitted. *Tuell*, supra, held that if evidence of the related offense had been admitted at trial it would have been prejudicial error. "The ruling of the trial court effectively precluded appellant from exercising his constitutional right to testify in his own behalf as to Count I for the reason he would be forced to exercise his right against self-incrimination as to Count II." Count II had been severed for trial purposes.

*Tuell*, supra, is distinguishable for two reasons. One reason is that, in this case, defendant had already been tried for the offenses against victim B, and had been convicted of kidnapping. No self-incrimination was involved in defendant's decision to take the stand. The second reason is that *Tuell* holds the trial court's decision to admit evidence of a related offense was error. Since there was a pretrial ruling as to the admissibility of evidence, that decision does not support defendant's claim that he had a constitutional right to a pretrial ruling.

Implicit in the *Tuell* decision is the view that if the trial court erroneously rules that evidence is admissible, the ruling precludes

defendant from exercising his right to testify because, if he testifies, defendant would be forced to claim his privilege against self-incrimination if questioned concerning an offense to which the privilege applies. New Mexico decisions have consistently rejected this view.

■ Except as limited by our evidence rules, a defendant waives his privilege against self-incrimination when he testifies in his own behalf. Defendant cannot claim the privilege against self-incrimination on matters reasonably related to the subject matter of his direct examination, and this includes impeachment by proof of prior convictions and the like. *State v. Archunde*, 91 N.M. 682, 579 P.2d 808 (Ct.App.), decided May 9, 1978 and cases therein cited.

■ While the privilege is no longer waived as to matters relating only to credibility, this limitation is based on a rule of evidence and not on the Constitution. *State v. Archunde*, supra. Putting defendant to a choice of retaining his privilege against self-incrimination or of waiving the privilege by taking the stand, is not a violation of the privilege against self-incrimination. "That the defendant faces such a dilemma . . . has never been thought an invasion of the privilege against compelled self-incrimination." *Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970); see *State v. Smith*, 88 N.M. 541, 543 P.2d 834 (Ct.App.1975) and cases therein cited.

■ It is not a violation of the right to counsel if counsel is in a dilemma as to whether to advise a defendant to testify prior to the trial court's ruling on the admissibility of evidence. The right to counsel "has never been understood to confer upon defense counsel the power to veto the wholly permissible actions of the trial judge." *Lakeside v. Oregon*, 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978). Similarly, the right to counsel does not confer upon defense counsel the power to compel the trial court to rule upon the admissibility of evidence in advance of trial. Compare *State v. DeSantos*, 91 N.M. 428, 575

P.2d 612 (Ct.App.1978); *State v. Lindsey*, 81 N.M. 173, 464 P.2d 903 (Ct.App.1969), cert. denied, 398 U.S. 904, 90 S.Ct. 1692, 26 L.Ed.2d 62 (1970).

(b) Defendant argues that the absence of a pretrial ruling on admissibility amounted to the trial court impermissibly directing the strategy or tactics to be followed in the presentation of defendant's case. See *State v. Garcia*, 85 N.M. 460, 513 P.2d 394 (1973). Defendant asserts the failure to rule on admissibility dictated trial tactics to defense counsel in that (1) he could not effectively voir dire the prospective jurors, (2) he was forced to a decision as to *when* to make an opening statement, and (3) he could not know whether "to put alibi witnesses on the stand to defend against in essence two different crimes". On this basis, defendant contends he was denied his right to the effective assistance of counsel.

Not knowing whether victim B's testimony would be admitted did require defense counsel to decide what questions to ask on voir dire. Not knowing did require defense counsel to decide whether to make his opening statement immediately following the opening statement of the prosecutor or wait until the prosecutor concluded the case-in-chief. Rule of Crim.Proc. 40. Not knowing did not affect defense counsel's decision to call alibi witnesses because defendant called no witnesses until victim B had testified. Defendant seems to assert he should have been allowed a continuance, after victim B testified, in order to obtain alibi witnesses. This claim is frivolous; the prosecutor had informed defendant, almost two weeks in advance of trial, that it would call victim B as a witness. With this knowledge, defendant could have obtained his alibi witnesses in advance of trial.

Putting defendant to a choice of trial tactics did not deprive him of the effective assistance of counsel. *Williams v. Florida*, supra; *State v. Smith*, supra; see *State v. DeSantos*, supra.

(c) Defendant argues the absence of a pretrial ruling on admissibility deprived him of the right to trial by an impartial jury. He contends that if he had known that victim B's testimony would be admitted he "would have had an opportunity to voir dire any prospective jurors who might have knowledge of the fact and circumstances of . . . [victim B's] abduction and thereby prevent any juror who may have any preconceived notions about her abduction from serving on the jury." This contention, as the preceding ones, involves a choice of tactics. Putting defendant to such a choice did not deprive him of the right to an impartial jury. *State v. Lindsey*, supra.

(d) Defendant argues the trial court erred in not allowing him to make an offer of proof at the hearing on the motion in limine. See *State v. Shaw*, 90 N.M. 540, 565 P.2d 1057 (Ct.App.1977). He asserts he requested to make an offer of proof as to the testimony of both victim A and victim B to show that the acts perpetrated on victim B were dissimilar to the acts perpetrated on victim A, and thus show victim B's testimony should not be admitted. The trial court did not refuse to permit defendant to make a tender, it postponed the tender to a more appropriate time. Since defendant had the opportunity to make his tender before victim B's testimony was admitted, the contention is no more than a repetition of the claim that he had a right to have a ruling on the admissibility of victim B's testimony in advance of trial. Defendant had no such right.

Defendant also argues cumulative error. There being no error, there was no cumulative error.

The judgment and sentences are affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.