513 P.2d 394

**STATE of New Mexico, Plaintiff-
Appellee,**

v.

**Fred D. GARCIA, Defendant-
Appellant.**

No. 9646.

Supreme Court of New Mexico.

Aug. 17, 1973.

ERRED IN PERMITTING A TRANS-
LATION OF TAPES TO BE READ TO
THE JURY EVEN THOUGH OF-
FERED BY DEFENDANT."

Counsel was appointed for defendant. Early in the proceedings this attorney sought discovery of, among other things, transcripts of certain tapes translated into English from Spanish. These tapes were recordings of conversations between defendant, a New Mexico State Police officer, who often operates in an undercover capacity, and a Mexican National, who had become a rather close friend of defendant and who at times gave information to the police on drug offenses and offenders in the area. These tapes were made long after defendant had confided in his friend, the Mexican National, that he had killed the woman for whose murder he was convicted.

The trial court conducted a hearing on defendant's motion for discovery and the motion was granted. An English transcription of the tapes was made available to defendant and his attorney.

The defendant then filed a motion to suppress the statements contained in the transcript. One of the grounds for this motion was the claim that defendant, at the times of the conversations, had been under the influence of alcohol to such an extent that he was incapable of knowing what he was saying. This motion was denied after hearing testimony, including that of defendant himself. No attack is made upon the denial of this motion.

At trial both the Mexican National and the undercover officer testified at length concerning the conversations, and particularly concerning those portions thereof in which defendant talked of the murder and the events leading thereto and surrounding the same. During the cross-examination of these witnesses by defendant's attorney, efforts were made to develop evidence from which the jury might find that defendant was intoxicated; failed to under-

William S. Martin, Jr., Silver City, for defendant-appellant.

David L. Norvell, Atty. Gen., James H. Russell, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

OMAN, Justice.

Defendant appeals from his conviction of murder in the first degree. We affirm.

He seeks reversal of the judgment of conviction upon the grounds that: (1) "DEFENDANT WAS DENIED EFFEC-TIVE ASSISTANCE OF COUNSEL," and (2) "THE [TRIAL] COURT

stand what he was saying; was endeavoring to "test" the sincerity of statements by the officer to the effect that he was interested in assisting defendant in accomplishing some burglaries or robberies; was putting on an act; or was just "fooling" with the witnesses. The evidence as to defendant's guilt was very persuasive and conclusive, unless the testimony of the witnesses could in some way be discounted or properly disregarded, and it appears defendant's attorney fully realized this.

During the presentation of the defense, and immediately before defendant took the witness stand on his own behalf, he offered, through his attorney, a portion of the translation from the tapes. Defendant then took the stand and testified as to how drunk he was, how he could remember but little of what he had said during the conversations, and that he had not killed or admitted to killing the woman.

Another attorney represents defendant on this appeal. The only attack upon the competency of trial counsel, the propriety of the conduct of the trial judge, and the validity of the trial proceedings, as shown by the above quoted grounds or points relied upon for reversal, arises entirely out of the offer and reception into evidence of the portion of the translation taken from the tapes.

It is now defendant's position that the offer and receipt into evidence of this portion of the translation was so prejudicial to him that it establishes the incompetency of his trial counsel in making the offer and a disregard by the trial judge of defendant's fundamental right to a fair trial in accepting the translation into evidence. It is urged that:

"* * * [N]o valid or legitimate defense purpose could be, or was served by·a reading of a translation of the tapes. Such a reading could only result in complete revulsion in the mind of the jury. Prejudice must ensue. Defendant is pictured as a callous, crude, uncouth, amoral, vulgar, bestial, murderous, unfeeling, uncaring animal by his own evidence."

If defendant's appraisal of the result of this evidence be correct, it is equally correct that the testimony of the Mexican National and the undercover police officer had very largely, if not entirely, already accomplished this same result. The picture of defendant was created by no one but himself through his own words and acts. Obviously his efforts on the witness stand to create an entirely different picture of himself were unavailing.

It is apparent that defendant's trial attorney, as a trial stratagem, elected to introduce this evidence for one or all of the following, and perhaps other, purposes:

(1) To persuade the jury that defendant was so intoxicated that he knew not what he was saying, and that the truth of what he said was at least questionable.

(2) To suggest to the jury that defendant was bragging and endeavoring to impress the Mexican National and the undercover officer, whom he believed to be underworld characters with criminal records, and that his statements made for this effect were not consistent with truth.

(3) To suggest that defendant admitted the murder and other criminal activities for the sole purpose of testing the sincerity and true character of the undercover police officer, whom defendant had been told was a felon on the run and looking for an opportunity to make a strike.

(4) To suggest that defendant was just putting on an act for the purpose of fooling or making fun of the Mexican National and the undercover officer, and for testing their credulity.

(5) To in some degree impeach the testimony of the Mexican National and the undercover officer, since their testimony did not in all particulars agree with the transcript.

 If in fact the trial attorney, by introducing the portion of the transcript,

used bad tactics or improvident strategy, this did not amount to incompetency or ineffective assistance of counsel. A defendant is denied effective assistance of counsel only if the trial, considered as a whole, is a mockery of justice, a sham, or a farce. State v. Hines, 78 N.M. 471, 432 P.2d 827 (1967); State v. Moser, 78 N.M. 212, 430 P.2d 106 (1967); State v. Trejo, 83 N.M. 511, 494 P.2d 173 (Ct.App.1972). A reading of the entire record in this case clearly demonstrates the guilt of defendant, and the trial proceedings cannot reasonably be considered a sham, a farce or a mockery of justice.

It is true that a trial court has the duty to protect the essential rights of an accused. State v. Tapia, 75 N.M. 757, 411 P.2d 234 (1966). However, this does not require, or even permit, the trial court· to direct the strategy or tactics to be followed in the presentation of defendant's case. It is the trial court's duty to be impartial and judicious, and this position is totally inconsistent with any attempt on the court's part to control the tactics or strategy of a litigant in the presentation of his case. The trial court may not properly receive or reject tendered evidence solely on the basis of the weight or credibility which the court believes the jury will ascribe thereto.

The portion of the transcript was apparently offered by defendant's attorney with the hope that it would in part impeach and to some extent militate against the extremely damning evidence of defendant's guilt. This hope was not realized, but this does not demonstrate a failure on the part of the trial court to conduct a trial in which defendant's guilt or innocence was soberly and fairly tested.

The judgment of conviction should be affirmed.

It is so ordered.

STEPHENSON and MARTINEZ, JJ., concur.