582 P.2d 1307
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**James FRENCH, Defendant-Appellant.**

**No. 3497.**

Court of Appeals of New Mexico.

Aug. 8, 1978.

John B. Bigelow, Chief Public Defender, Reginald J. Storment, Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Santa Fe, Charlotte Hetherington Roosen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

This appeal involves: (1) effective representation of counsel and (2) motion to withdraw guilty pleas.

Defendant was charged with, and pled guilty to, four counts of criminal sexual penetration in the second degree. Defendant was given a diagnostic commitment. Section 40A–29–15(C), N.M.S.A.1953 (2d Repl. Vol. 6).

### Effective Representation of Counsel

The diagnostic report to the trial court stated that defendant claimed he pled guilty because his counsel threatened to withdraw if he did not plead guilty.

At the sentencing hearing, defendant's counsel moved for permission to withdraw giving as his reasons (a) the alleged threat claimed by defendant, (b) counsel's denial that any such threat was made, and (c) counsel's belief that no "working relationship" remained between counsel and defendant.

The trial court took the motion to withdraw under advisement "until I order a final disposition in this case." After sentence was imposed, the trial court advised defendant of his right to appeal and granted the motion of counsel to withdraw, effective after entry of the formal judgment and sentence.

During the sentencing hearing, the trial court asked both counsel and defendant if they had any statement they wished to make before sentence was pronounced. Counsel had nothing to say. Defendant moved to withdraw his guilty pleas; this motion was denied. Sentence was then pronounced.

Defendant asserts that counsel "did not act as an advocate but as a disinterested observer during sentencing." Defendant asserts this "in itself might constitute inadequate counsel". Defendant also claims that he was entitled to counsel to advocate his motion to withdraw his guilty pleas, and infers that because counsel did not "advocate" this motion, that counsel at the sentencing hearing was "ineffective".

■ The standard for determining ineffective assistance of counsel is whether the proceedings were a sham, farce or mockery of justice. *State v. Trivitt*, 89 N.M. 162, 548 P.2d 442 (1976). The transcript does not show this standard was violated.

■ This record does not show that counsel "did not act as an advocate" during the sentencing proceedings. Counsel remained silent, but that could have been a choice of tactics; at least, there is nothing showing silence was not a tactical decision by counsel. The choice of tactics is within the control of counsel. *State v. Hines*, 78 N.M. 471, 432 P.2d 827 (1967). Assuming silence, as a tactic, was bad, this does not necessarily show ineffective assistance of counsel. *State v. Hines*, supra.

■ The fact that counsel and defendant disagreed as to whether counsel made a threat does not show ineffective assistance of counsel. Effective assistance of counsel could be rendered regardless of such a disagreement. *State v. Salazar*, 81 N.M. 512, 469 P.2d 157 (Ct.App.1970).

■ The trial court found as a fact that counsel never made the threat alleged by defendant. The failure of counsel to advocate the motion to withdraw the guilty pleas, which was based on a nonexistent fact, does not show ineffective assistance of counsel. Counsel had an obligation to see that defendant's contention was presented, and it was presented by defendant. Counsel, however, had no obligation to argue a motion he considered to be without merit. *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967).

■ Thus far we have only considered the proceedings at the sentencing hearing; those proceedings do not show the denial of effective assistance of counsel. However, the question of effective assistance of counsel is not to be decided by considering only the sentencing hearing. The proceedings, "considered as a whole", must be reviewed. *State v. Garcia*, 85 N.M. 460, 513 P.2d 394 (1973). The proceedings, up through acceptance of the guilty pleas, affirmatively show able and effective assistance of counsel. This fact must also be considered in deciding the question of effective assistance of counsel.

This record does not show ineffective assistance of counsel.

*Motion to Withdraw Guilty Pleas*

■ In accepting the guilty pleas, the trial court fully complied with Rule of Crim.Proc. 21. No issue as to this rule is involved. Compare *State v. Eller*, (Ct.App.) No. 2976, decided May 2, 1978, pending before the Supreme Court on certiorari. Accordingly, the question is whether the trial court abused its discretion in denying the motion to withdraw the pleas. *State v. Kincheloe*, 87 N.M. 34, 528 P.2d 893 (Ct. App.1974).

■ The only ground advanced that arguably supported the motion was defendant's claim that counsel threatened to withdraw as counsel if defendant did not plead guilty. The trial court found that no such threat was made. Counsel's representations to the court, the affidavit of counsel's partner, and defendant's denial at the guilty plea hearing that his pleas resulted from threats or force, provide substantial support for this finding.

There is nothing showing the trial court abused its discretion in denying the motion to withdraw the guilty pleas.

■ Defendant contends, however, that the trial court erred in not granting an

evidentiary hearing on the motion and in not appointing "a real advocate" to represent defendant in connection with this evidentiary hearing. Defendant presented his contention, it was ruled on, the ruling was proper. There is nothing indicating any further evidence was available on the contention made, and nothing indicating other contentions would be made. No reason having been advanced as to why an additional evidentiary hearing should be held, the trial court did not abuse its discretion in failing to hold such a hearing.

The judgment and sentences are affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.