This decision was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of non-precedential dispositions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

     Plaintiff-Appellee,

v.                                  **NO. 35,180**

JOSEPH ALFONSE TORRES,

     Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Christina P. Argyres, District Judge

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Roderick L. DeAguero
Albuquerque, NM

for Appellant

MEMORANDUM OPINION

HANISEE, Judge.

{1}    Pursuant to a plea agreement, Joseph Alfonse Torres (Defendant) was convicted of one count of criminal sexual penetration of a minor in the first degree and two

counts of criminal sexual contact of a minor in the third degree (child under thirteen years of age). Defendant argues that the district court erred in denying him an evidentiary hearing prior to ruling on his motion to withdraw his guilty plea. We reverse and remand.

**BACKGROUND**

{2}     On June 23, 2011, Defendant was charged with eight counts of criminal sexual penetration of a minor in the first degree and six counts of criminal sexual contact of a minor in the third degree. The charges were premised on allegations made by Defendant's niece, who was approximately five years old during the relevant time period. As charged, Defendant's maximum imprisonment exposure was 162 years.

{3}     The parties signed a plea agreement on April 2, 2015. Per the agreement, Defendant would plead guilty to one count of first degree criminal sexual penetration of a minor and two counts of third degree criminal sexual contact of a minor with a total sentence of eighteen years of imprisonment. At a change of plea hearing the same day, the district court—after Defendant confirmed that he understood the terms of the agreement, had discussed them with his lawyer, was satisfied with the advice of his lawyer, and was voluntarily entering into the agreement—accepted the plea agreement and sentenced Defendant.

{4}     During the subsequent presentment hearing on April 30, 2015, Defendant

alerted the district court that he wished to withdraw his guilty plea. On May 29, 2015, Defendant's new lawyer filed a written motion, alleging twenty-eight deficiencies in Defendant's prior counsel's performance, including a claim that prior counsel "coerced Defendant into taking a plea." Defendant requested an evidentiary hearing, which was set for August 27, 2015. At the hearing, Defendant's new counsel explained the basis for Defendant's motion and requested to supplement the record with affidavits or testimony. The district court denied Defendant's request, refused to hold an evidentiary hearing, and ultimately denied Defendant's motion to withdraw his guilty plea. This appeal followed.

**DISCUSSION**

{5}     Defendant argues that the district court erred by denying him an evidentiary hearing prior to denying his motion to withdraw his guilty plea. The State contends that the district court was not required to hold an evidentiary hearing because (1) Defendant failed to make a prima facie case for ineffective assistance of counsel, and (2) the State had "already refuted" all of the claims Defendant raised in his motion to withdraw. We agree with Defendant.

**Standard of Review**

{6}     We review the district court's refusal to hold an evidentiary hearing on a motion to withdraw a guilty plea for abuse of discretion. *State v. Guerro*, 1999-NMCA-026,

3

¶ 24, 126 N.M. 699, 974 P.2d 669. "A court abuses its discretion when it is shown to have acted unfairly, arbitrarily, or committed manifest error." *State v. Garcia*, 1996-NMSC-013, ¶ 7, 121 N.M. 544, 915 P.2d 300 (internal quotation marks and citation omitted).

**Entitlement to an Evidentiary Hearing on a Motion to Withdraw a Guilty Plea**

{7}      In considering both whether to initially accept a defendant's guilty plea and, after acceptance and sentencing, whether to entertain a motion for withdrawal of a guilty plea, the district court's primary concern is whether the plea is made voluntarily. *See State v. Paredez*, 2004-NMSC-036, ¶ 5, 136 N.M. 533, 101 P.3d 799 (explaining that in considering whether to grant or deny a motion to withdraw a guilty plea, "[t]he relevant inquiry is whether [the d]efendant's plea was voluntary and knowing"); *State v. Archie*, 1967-NMSC-227, ¶ 3, 78 N.M. 443, 432 P.2d 408 ("A guilty plea must be voluntarily made."). "If the plea is induced by promises or threats, it is void and subject to collateral attack. If the plea is made voluntarily after proper advice of counsel and with a full understanding of the consequences, the plea is binding." *Id.*

{8}      When a defendant moves for post-conviction relief, "[u]nless the motion and the files and records of the case conclusively show that the [defendant] is entitled to no relief," the district court must hold a hearing in order to "determine the issues and

4

make findings of fact and conclusions of law with respect thereto." NMSA 1978, § 31-11-6(B) (1966); *State v. Swim*, 1971-NMCA-035, ¶ 7, 82 N.M. 478, 483 P.2d 1318; *cf. State v. Spearman*, 2012-NMSC-023, ¶ 42, 283 P.3d 272 (Daniels, J., specially concurring) (explaining that the purpose of an evidentiary hearing is to "ensure that the final disposition is based on actual fact, instead of mere conjecture"). Our cases provide that when a defendant moves to withdraw his guilty plea based on a contention that he did not enter it voluntarily, he is entitled to an evidentiary hearing when his allegations create a conflict in the record that "cannot be resolved in the absence of an evidentiary hearing at which the facts can be fully developed." *Swim*, 1971-NMCA-035, ¶ 6;[1] *see State v. Reece*, 1968-NMSC-080, ¶ 7, 79 N.M. 142, 441 P.2d 40. A trial judge is warranted in refusing to hold an evidentiary hearing on a motion to withdraw a guilty plea when a defendant's claims either fail to "state grounds for relief" or are "contradicted by occurrences on the record or within the judge's personal knowledge." *Guerro*, 1998-NMCA-026, ¶ 26. However, in cases

---

[1]Other of our cases provide that "an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. While Defendant's motion to withdraw his guilty plea is premised on a claim of ineffective assistance of counsel, and while the State primarily argues that an evidentiary hearing is not warranted because Defendant failed to make a prima facie case, we conclude that those cases are inapposite here because the question of whether Defendant met his burden cannot be resolved based on the record before us as we discuss in the remainder of this opinion.

where a defendant's post-plea allegations conflict with the record made at the time of the plea, an evidentiary hearing "at which testimony is adduced [is the only] method . . . available for determining the truth." *Reece*, 1968-NMSC-080, ¶ 7.

**Analysis**

{9}     The State argues that this case should be decided under *Guerro* because "the judge who ruled on [Defendant's] motion to withdraw the plea was the same judge who accepted the plea, and accordingly was very familiar with the facts." In *Guerro*, this Court affirmed the district court's refusal to hold an evidentiary hearing on the defendant's motion to withdraw, explaining that "[b]ecause the same judge presided over the trial, the plea change, and the sentencing, the judge's denial of the plea-withdrawal motion without conducting a hearing was reasonably based on personal observation." 1999-NMCA-026, ¶ 28. This Court reasoned that "although the alleged coercion occurred off-record, it involved the judge's alleged threat to counsel that he would impose a maximum sentence . . . and [thus was] a matter within the judge's personal knowledge." *Id.* ¶ 27. Thus, because "the types of claims [the d]efendant made were mostly of the kind that the judge would necessarily have witnessed[,]" and because the defendant's other claims were conclusively contradicted by the record, the Court concluded that it was not error to deny the defendant an evidentiary hearing. *Id.* ¶¶ 22-23, 26, 28.

{10} This case is distinguishable from *Guerro* in a key respect. Here, Defendant's allegations that create a conflict in the record relate to off-record occurrences, not matters within the trial judge's personal knowledge. In relevant part, Defendant alleged in his motion to withdraw his guilty plea that his prior counsel:

> 22. Fail[ed] to keep . . . Defendant apprised of the status of the case;

> 23. Fail[ed] to communicate with Defendant; [and]

> . . . .

> 25. . . . [C]oerced Defendant into accepting the plea[] and waiv[ing] his constitutional rights because [prior counsel] was not only not prepared for trial but also unwilling to defend Defendant . . . at trial.

At the August 27, 2015 hearing, Defendant's counsel explained that "the crux of the issue" was that Defendant "was coerced into entering [the] plea, notwithstanding the [c]ourt's record." Counsel argued that "there is . . . absolutely no way that [Defendant] could make a knowing and intelligent decision[] as to accepting the plea" based on allegations that Defendant "was lied to" and did not "have adequate communication with his attorney." In other words, Defendant's allegations relate to his interactions with his prior counsel, which is a matter outside the record that the judge did not witness and of which she had no personal knowledge, unlike the judge in *Guerro*.

{11} The State also contends on appeal that it "already refuted" all of the claims Defendant made in his motion, thus arguably resolving any disputed facts based on

the record and negating the need for an evidentiary hearing, but the record indicates otherwise. While the State meticulously responded to the majority of Defendant's twenty-eight claims, it, in fact, conceded that it "ha[d] no information regarding" certain of Defendant's claims, including, critically, claims number 22 and 23 regarding prior counsel's relationship with Defendant. This admission demonstrates that Defendant's claims could not be resolved on the record alone and reinforces the need for an evidentiary hearing. *Cf. id.*, ¶¶ 26, 28 (holding that it is not error to refuse an evidentiary hearing where a defendant's "claims were contradicted by occurrences on the record").

{12}    We conclude that this case is sufficiently analogous to and therefore controlled by *Swim* and *Reece*. In *Swim*, two defendants who pleaded guilty to armed robbery later petitioned for post-conviction relief, alleging that they had been coerced into entering their pleas. 1971-NMCA-035, ¶¶ 1-4. In that case, the district court "determined from the [d]efendants that no threats or promises had been made to them and that the plea of guilty was made willingly" prior to accepting their pleas. *Id.* ¶ 5. The district court based its denial of the defendants' request for an evidentiary hearing on its prior determination that the defendants' pleas were made voluntarily based on their denial of threats or coercion at the plea hearing. *Id.* This Court reversed, holding it was error for the district court to have denied the defendants an evidentiary hearing

8

in light of their allegations. *Id.* ¶ 8. In doing so, the Court reasoned that the defendants' claims "involve matters which allegedly occurred outside the courtroom and, if established[,] would warrant vacating the sentences." *Id.* ¶ 6. While the Court acknowledged that the defendants' statements at the plea hearing would normally "constitute sufficient support for a finding and determination that the pleas were voluntarily made[,]" it concluded that in light of the newly alleged facts that created a conflict with the defendants' prior statements, "[t]he conflict cannot be resolved in the absence of an evidentiary hearing at which the facts can be fully developed." *Id.*

{13}      Likewise in *Reece*, our Supreme Court reached the same conclusion under facts similar to those in *Swim*. In *Reece*, the Court explained that "among claims made by [the] petitioner are several concerning occurrences outside the record which, if true, would be grounds for vacating his sentence, and that these assertions could not be resolved without a hearing." 1968-NMSC-080, ¶ 7. Like in *Swim*, the *Reece* Court acknowledged that the petitioner's post-conviction allegations "conflict with the record made at the time of the [change of plea]." 1968-NMSC-080, ¶¶ 2, 7. Nevertheless, the Court held it was error to deny the petitioner's request for post-conviction relief without holding an evidentiary hearing because "absent a hearing at which testimony is adduced, no method is available for determining the truth." *Id.* ¶¶ 5, 7.

9

{14}     Here, the district court appears to have relied on its prior determination of the voluntariness of Defendant's plea based on its colloquy with Defendant at the change-of-plea hearing rather than determine anew the question of voluntariness in light of Defendant's post-conviction allegations. We hold that this constituted manifest error and an abuse of discretion. Furthermore, to the extent the district court resolved factual disputes based on the claims alleged in Defendant's motion and counsel's arguments at the hearing, this was also error because written allegations and arguments of counsel are not evidence. *See Spearman*, 2012-NMSC-023, ¶ 39 ("[A]llegations of counsel, both in the written motion . . . and at the hearing . . . are not generally considered evidence."). Our Supreme Court has held that in order for courts to resolve factual conflicts created by a defendant's allegations, defendants must have the opportunity to "offer[] some actual evidence in the form of affidavits, testimony, or documentation in support of the allegations." *Id.*; *cf. State v. French*, 1978-NMCA-078, ¶¶ 11, 15, 17, 92 N.M. 94, 582 P.2d 1307 (holding that the district court did not err in refusing to hold an evidentiary hearing based on its factual finding—supported by "[c]ounsel's representations to the court, the affidavit of counsel's partner, and [the] defendant's denial at the guilty plea hearing"—that the defendant's counsel had not threatened the defendant). That is precisely what Defendant was denied but must be afforded.

**CONCLUSION**

{15}    For the foregoing reasons, we reverse and remand to the district court for an evidentiary hearing.

{16}    **IT IS SO ORDERED.**


_____

**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____

**JONATHAN B. SUTIN, Judge**


_____

**STEPHEN G. FRENCH, Judge**